UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STANLEY FRANCISCO EDWARD BAPTISTE, # 44102-066
Rivers Correctional Institution
PLAINTIFF POB 630
Winton, NC 27986

v.

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534

DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS ENFORCEMENT
U.S. INS/Investigations
77 Forsyth Street, SW
Atlanta, GA 30303,

    DEFENDANTS

Case: 1:07-cv-00
Assigned To : Unassigned
Assign. Date : 5/23/2
Description: FOIA/Privacy Act

This is a Civil Action Complaint brought under the Privacy Act, Title 5 U.S.C.A. § 552a(e)(5), (g)(1)(C), and (g)(4), against the Federal Bureau of Prisons and the Department of Homeland Security, Immigration and Customs Enforcement, by failing to maintain accurate and correct records, and § 552a(d) and (g)(1)(A) and failing to amend the inaccurate files. Plaintiff seeks "declaratory and injunctive" relief pursuant to 28 U.S.C.A. §§ 2201 & 2202.

Plaintiff asserts that defendants, Federal Bureau of Prisons, and Department of Homeland Security are using incorrect and inaccurate information which is maintained in their files in regards to plaintiff's true citizenship as being a United States Citizen. (See Plaintiff's Exhibits D, D-1 & 2).

Plaintiff asserts that he is a United States Citizen and he derived his citizenship pursuant to 8 C.F.R. § 320 of the Immigration

**RECEIVED**

MAY 0 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Derivative citizenship is a form of naturalization that occurs automatically. Children who become citizens under these provisions do not need to meet any of the substantive requirements of naturalization. See INA § 320, 8 U.S.C.A. § 1431. They do not need to file an application or submit any other paperwork to become citizens. Nor are they required to follow any designated procedures. Derivative citizenship statutes have always been written so taht they vest automatically upon the occurrence of all relevant conditions. Therefore, derivative citizens may be unaware of the fact that they are U.S. Citizens. Thus, for example, section 320 of the Immigration and Nationality Act now provides that "[a] child born outside the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled. This provision is noteworthy for three reasons. First, it mandates the transformation without any decision of the USCIS. Thus, it provides that the child automatically becomes a citizen upon certain events occurring. Second, it refers to the trans-formation as becoming a citizen rather than being naturalized. Third, the transformation happens when a certain condition is met, rather than as a result of an application.

Since they are already citizens, persons who derive citizen-ship may obtain proof of their u.S. citizenship status by filing for a certificate of citizenship with the USCIS or for a passport with the passport of the State Department.

Derivative citizenship statutes go back to the beginning of the Republic. During the second session of the first Congress,

-2-

the first act to establish a uniform law of naturalization included a derivative citizenship provision.  Throughout the history of th U.S., different laws have imposed different requirements in order to derive U.S. citizenship through the naturalization of the parents. In general, every subsequent statute repealed in whole or in part the equivalent provisions of the prior statute.  Judicial and administrative interpretations have found the citizenship statutes to confer benefits prospectively.  Zartarian v. Billins, 204 U.S. 170, 174, 27 S.Ct. 182, 183, 51 L.Ed. 428 (1970); Bertodi v. McGrath, 178 F.2d 977, 978 (D.C. Cir. 1949).

In general, statutes governing the derivation of U.S. citizenship have always required a combination of qualifying events to take place before the child turns a certain age.  The law that determines which requirement apply to a person is the law that was in effect at the time the "last qualifying act" took place, i.e., when the last material prerequisite was met.  Matter of Sepulveda, 14 I. & N. Dec. 616, 618 (B.I.A. 1974).

Plaintiff asserts that the law that was in effect at the time the "last qualifying act" took place for plaintiff was between December 24, 1952 and February 26, 2001.  The prerequisites that must be met for plaintiff to automatically to derive citizenship are: (See Plaintiff's Exhibit G)

> "Prerequisites: Naturalization of One Parent.  Child can only derive from one parent if the other one is dead, a U.S. citizen, or they are legally separated and naturalizing parent has custody.  (See Plaintiff's Exhibit F)

In addition to acquiring United States citizenship at birth through a parent, a person may derive citizenship from a U.S. citizen parent after birth. This is referred to as derivative citizenship. The importance of derivative citizenship is that, like all other forms of acquisition of citizenship, it confers upon the person all the benefits of U.S. citizenship. Most importantly, a person who derives citizenship "is not subject to deportation." The minimum requirements shared by all derivative citizenship statutes up to the year 2000 were the naturalization of one parent and the acquisition of lawful permanent residence by the child.

Plaintiff asserts that he has met all of the above discussed prerequisites for derivative citizenship, and because of fulfilling these requirements, plaintiff automatically became a U.S. citizen. When plaintiff's "Presentence Report" was done, the PSI writer investigated what citizenship (See Plaintiff's Exhibit E) plaintiff was, and learned that plaintiff was a U.S. citizen (See also Plaintiff's Exhibits A, B, C, & F).

Plaintiff asserts that contrary to all of this evidence that has been supplied to the defendants, that is also in their own files, and records which clearly prove and show that plaintiff is a U.S. citizen, the defendants still have ignored these facts and have listed plaintiff as being deportable back to his country of birth, St. Lucia (See Plaintiff's Exhibits D, & D-1).

Plaintiff asserts that he requested from both defendants, the

-4-

Federal Bureau of Prisons and the Department of Homeland Security to correct this **"false, inaccurate, incorrect and erroneous information"** which is contained in their files, but both have failed to do so.

The Privacy Act requires that each agency keeping a system of records must maintain those records with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to an individual. 5 U.S.C. § 552a(e)(5). If an agency wilfully or intentionally fails to maintain records in such a manner and, as a result, makes a determination adverse to an individual, it will be liable to that person for money damages. 5 U.S.C. §§ 552a(g)(1)(C) and (g)(4).

Plaintiff asserts that this inaccurate, incorrect and erroneous information has been used adversely against him by the Federal Bureau of Prisons by denying plaintiff the right to be transferred to a **"camp,"** it has disallowed him to be considered for a **"halfway house,"** it also has prevented him from working in any **"Prison Industries,"** and it has caused him to be classified as **"a deportable alien."**

Because the challenging information in plaintiff's files was capable of being verified, the defendants named herein did not satisfy the requirements of the Privacy, 5 U.S.C. § 552a(e)(5), and therefore, plaintiff has been adversely affected and is continuously being affected by this **"false and erroneous information"** that remains in his file.

-5-

WHEREFORE, in light of the aforementioned, plaintiff moves this honorable court to issue a "Declaratory Judgment" against the defendants for failing to maintain accurate and correct records on plaintiff; (2) that the Bureau of Prisons and the Department of Homeland Security have wilfully and intentionally failed to maintain records on plaintiff in accordance with sections (e)(5) and (g)(1)(C) of the Privacy Act, and that the court grants "Injunctive Relief" to plaintiff by ordering the defendants to correct the "false, inaccurate, incorrect and erroneous information" that is contained in his files; and (3) that the court award plaintiff monetary damages against the herein named defendants for their failure to maintain accurate records on plaintiff.

Respectfully Submitted,

Stanley Francisco Edward Bapt___ e
Reg. No. 44102-066
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

DATE: 5 - 2 - 07

-6-

BAPTISTE'S EXHIBIT A



BAPTISTE'S EXHIBIT B

# Kings County Clerk's Office

11114

## SUPREME COURT, KINGS COUNTY

BROOKLYN, N.Y.

MARie BapTiSTe

*Plaintiff*

*against*

AnThony George BapTiSte

*Defendant*

Certificate of Disposition
pursuant to Sec. 235
Domestic Relations Law

Index No. 27404 20 1981

City and State of New York, }
County of Kings, } ss.:

I, WILBUR A. LEVIN, Clerk of the County of Kings and Clerk of the Supreme Court,
Kings County, Do Hereby Certify that a Judgment of .......DiVorce.......
in favor of .......MARie BapTiSTe.............................Plaintiff, against
.......AnThony George BapTiSTe..............Defendant was granted,
and filed in this Office on the .......28....... day of .......December.......
.......20 1981

**In Testimony Whereof,** I have hereunto set my hand and
affixed the seal of the Supreme Court and Kings County this
....................day of **MAR 31 2004** 20 ......

*County Clerk and Clerk of the*
*Supreme Court, Kings County*

07 0959

# FILED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BAPTISTE'S EXHIBIT C

# Baptism and Birth Certificate

**SAINT LUCIA.**

EXTRACT from the Register of Baptisms, Marriages and
Burials, of the Parish of M A R C H A N D for
the year One thousand NINE hundred and SIXTY-SIX.

DENOMINATION ROMAN CATHOLIC LEAF 59

| ST. LUCIA. Year Nineteen hundred and sixty-six | Number 231 |
|---|---|
| BAPTISM in the Parish of | MARCHAND |
| Date of Birth | October Thirteenth |
| Date of Baptism | October Thirtieth |
| Sex of Child | Male |
| CHILD'S NAMES | STANLEY - FRANCISCO - EDWARD |
| FATHER Full names, occupation and domicile | Anthony BAPTISTE Clerk,Marchand |
| MOTHER— Full names, occupation and domicile | Marie Denise Baptiste nee James,Housewife,Marchand |
| SPONSORS—(if any) Full names, occupation and domicile | Nicholas Octave Driver,Four-a-Chaux,Castries Clotilda James Home-Duties,Marchand |
| STATUS OFFICER offici ating—Full names and quality | Rev.JEAN RIFFAUD P.P. |

| Signatures of Parents (unless absent or declared unable to sign) | Signatures of Sponsors (unless declared unable to sign) | Signature of Status Officer. |
|---|---|---|
| | Nicholas Octave Clotilda James | Jean Riffaud |

I, the undersigned ELLERY D. CHARLES For.....................
Registrar of Civil Status of the Island of Saint Lucia, British West Indies.
do hereby certify that the foregoing is a true extract from the aforesaid
Register deposited in the office of the Registrar of Civil Status of the said



Castries in the Island of St. Lucia aforesaid, this
....day of May, in the Year of
thousand nine hundred and Seventy-Six.

For Registrar of Civil Status.

07 0959

**FILED**

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Immigration and Naturalization Service

Immigration Detainer — Notice of Action
By Immigration and Naturalization Service

| File No. |
| A35 467 846 |
| Date |
| 9/14/93 |

TO: (Name, title and institution)

Warden
FCI McKean
P.O. Box 5000
Bradford, PA  16701

FROM: (INS Office Address)

U.S. INS/Investigations
77 Forsyth St. SW
Atlanta, GA  30303

Name of Inmate

BAPTISTE, Stanley Francisco Edward   #44102-066

| Month, Day and Year of Birth | Sex | Nationality |
| 10/13/66 | M | St. Lucia |

**YOU ARE ADVISED THAT THE ACTION NOTED BELOW HAS BEEN TAKEN BY THIS SERVICE CONCERNING THE ABOVE-NAMED INMATE OF YOUR INSTITUTION:**

[X] Investigation has been initiated to determine whether this person is subject to deportation from the U.S.

[ ] An Order to Show Cause in deportation proceedings, a copy of which is attached, was served on
_____ , 19 ___

[ ] A warrant of arrest in deportation proceedings, a copy of which is attached, was served on
_____ , 19 ___

[ ] Deportation from the United States has been ordered.

**IT IS REQUESTED THAT YOU:**

[X] Accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive.

[X] Please complete and sign the bottom block of the duplicate of this form and return it to this office.   [X] A self-addressed franked envelope is enclosed for your convenience.

[X] Notify this office of the time of release at least 30 days prior to release or as much in advance as possible.

[X] Notify this office in the event of death or transfer to another institution.

_____
Signature

Special Agent
Title

07 0959
FILED
MAY 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Receipt acknowledged    9-23-93

Probable date of release:   8-6-2008

_____
Signature

L.I.E.
Title

Form I—247 (Rev. 3-1-83)N

GPO 8 : :

BAPTISTE'S EXHIBIT D

BAPTISTE'S EXHIBIT E

# IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
                         )
                         )
           vs.           )        Docket No.  91-00132-01
                         )
Stanley Baptiste         )
                         )
                         )

---

### PRESENTENCE REPORT

| | |
|---|---|
| Prepared for: | The Honorable James T. Giles<br>United States District Judge |
| Prepared by: | Maureen E. Akers<br>United States Probation Officer<br>(215) 597-2992 |
| Sentencing Date: | July 30, 1991 |
| Office Location: | Philadelphia, Pa. |
| Offense: | Count One - conspiracy to distribute cocaine base, a Schedule II, narcotic controlled substance, Title 21, USC, Section 846, a Class A felony.<br><br>Counts Two through Nine - distribution of cocaine base, Title 21, USC, Section 841(a)(1),  Class B and C felonies. |
| Date of Arrest: | March 5, 1991 |
| Release Status: | Detained at FCI, Fairton |
| Identifying Data: | |

| | |
|---|---|
| Date of Birth: | 10/13/66 |
| Age: | 24 |
| Social Security Number: | 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 |
| Sex: | Male |
| Citizenship: | U.S. |
| Race: | Black |
| Dependents: | None |
| FBI No.: | Unknown |
| Other ID No.: | INS - A35467846 |
| Education: | 12 years |
| U.S. Marshal No.: | 44102 - 066 |

07 0959

**FILED**

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BAPTISTE EXHIBIT F

Index No. 27404    Year 1981

SUPREME COURT : KINGS COUNTY

MARIE BAPTISTE,

Plaintiff,

-against-

ANTHONY GEORGE BAPTISTE,

Defendant

FINDINGS OF FACT AND CONCLUSIONS OF LAW

JULIUS G. TANTLEFF
Attorney for
PLAINTIFF
Office and Post Office Address, Telephone
32 Court Street
BROOKLYN, N. Y. 11201
(212) 852-1005

To

Attorney(s) for

Service of a copy of the within
Dated,    FEB 11 1982    is hereby admitted.

_____

Attorney(s) for

Sir—Please take notice

☐ notice of entry
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on
☐ notice of settlement
that ☒☒☒☒☒ Findings & Judgment which the within is a true copy will be presented for
settlement to the HON.    one of the judges
of the within named court, at Supreme Court, Kings County, Brooklyn, New York,
on November 27,    1981 at 9:30 A.M.    19

Dated, November 20, 1981

Yours, etc.
JULIUS G. TANTLEFF
Plaintiff
To
ANTHONY GEORGE BAPTISTE    Office and Post Office Address
xxxxxxxxx Defendant    32 Court Street
BROOKLYN, N. Y. 11201

DEC 28 1981

07 0955
FILED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

At a Special Term, Part V of the
Supreme Court of the State of New York,
held in and for the County of Kings,
at the Courthouse located at 111
Livingston Street, Brooklyn, New York,
on the 15th day of December, 1981.

P R E S E N T :

HON.

Joseph E. Imperato
Special Referee

---------------------------------------------x

MARIE BAPTISTE,

                              Plaintiff,

        -against-                              Index # 27904/81

ANTHONY GEORGE BAPTISTE,

                              Defendant

---------------------------------------------x

        The plaintiff, Marie Baptiste, having brought this
action for a Judgment of Absolute Divorce, by reason of the
cruel and inhuman treatment of the plaintiff by the defendant,
Anthony George Baptiste, and the summons bearing the notation
"ACTION FOR A DIVORCE" having been duly served upon the
defendant personally within the State, and the defendant not
having appeared within the time prescribed therefor by statute,
although his time to do so has fully expired and the defendant
is in default, and it appearing from testimony given in open
Court that the defendant is not in the military service of the
United States, and the plaintiff having applied to the Court
at a Special Term, Part V thereof for Judgment for the relief

demanded in the Complaint and the matter having been set down for trial on ~~Dec. 18, 1981~~, and the plaintiff having on that day appeared before a Special Referee and presented written and oral proof of service and in support of the essential allegations of the complaint, and such proof having been heard and considered by a Special Referee, and a motion having been made by plaintiff to conform the pleadings to the proof presented at the trial, and the said motion having been granted, and said Referee having filed his report this day, the above uncontested matrimonial action having been referred by a Justice of the Supreme Court to hear and determine and upon the consent of the attorney for the plaintiff made in open Court, I FIND AND DECIDE AS FOLLOWS:

## FINDINGS OF FACT

FIRST:  That the plaintiff, at the time of the commencement of this action and for a continuous period of more than one (1) year immediately preceding the commencement of this action, was and still is a resident of the State of New York.

SECOND:  That the plaintiff and the defendant are both over the age of 18 years at the time of the commencement of this action.

THIRD:  That the plaintiff and the defendant were married on the 9th day of June, 1965 in St. Lucia, West Indies.

FOURTH:  That there are four issue of this marriage, to wit: JUDE BAPTISTE, born on October 17, 1965; STANLEY BAPTISTE,

-2-

born on October 13, 1966 and JOHN BAPTISTE and JEAN BAPTISTE, both born on May 15, 1968.

FIFTH: That at all times prior to the institution of this action, the plaintiff has been a good, dutiful and faithful wife to the defendant.

SIXTH: That for a period of several months prior to the institution of this action the defendant has and had, without just cause or provocation on the part of the plaintiff, engaged in a course of conduct towards the plaintiff, which conduct and/or cruel and inhuman treatment of the plaintiff by the defendant caused the plaintiff to become humiliated, embarrassed and to sustain pain and suffering.

SEVENTH: That on July 6, 1981 the defendant came home and without just cause or provocation on the part of the plaintiff, began an argument with the plaintiff and in the course of said argument the defendant physically assaulted the plaintiff.

EIGHTH: That on July 7, 1981 the defendant again physically assaulted the plaintiff causing her to sustain black and blue marks on her body.

NINTH: That on September 4, 1981 the defendant did repeatedly strike the plaintiff with his closed fists about her head, arms, breasts and stomach, and as a result thereof the plaintiff sustained bruises to said areas and was rendered unconscious for a short period.

-3-

TENTH: Such conduct was engaged in by the defendant without just cause or provocation on the part of the plaintiff, and the said acts committed by the defendant endangered the plaintiff's physical and mental well being and rendered it unsafe and improper for the plaintiff to continue to reside with the defendant.

ELEVENTH: That no decree, judgment or order of divorce, annulment or separation has been sought or granted by either party against the other in any Court of this State or of any other Court or foreign jurisdiction excepting only for this action.

## CONCLUSIONS OF LAW

FIRST: That jurisdiction as required by Section 236 of the Domestic Relations Law has been obtained.

SECOND: That plaintiff is entitled to a Judgment of Divorce and to the granting of the incidental relief awarded herein.

## JUDGMENT

NOW, on motion of Julius G. Tantleff, Esq., attorney for the plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the marriage heretofore existing between plaintiff Marie Baptiste and defendant Anthony George Baptiste is dissolved by reason of the cruel and inhuman treatment of the plaintiff by the defendant; and it is further

-4-

ORDERED, ADJUDGED AND DECREED, that the plaintiff is awarded custody of the unemancipated issue of the marriage, to wit: JUDE BAPTISTE, born on October 27, 1965; STANLEY BAPTISTE, born on October 13, 1966; JOHN BAPTISTE and JEAN BAPTISTE, both born on May 15, 1968; and it is further

ORDERED, ADJUDGED AND DECREED, that the defendant is directed to pay to the plaintiff by check and/or money order drawn to the order of the plaintiff and forwarded to her at her residence or at such other place as she may designate in writing, the sum of $        per week, per child, as and for the support of the infant issue; and it is further

ORDERED, ADJUDGED AND DECREED, that all future questions of visitation are reserved for future determination by this Court or any other Court of competent jurisdiction; and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff is directed to serve a copy of the judgment with notice of entry upon the defendant within twenty (20) days hereof, and file affidavit of said service with the County Clerk; and it is further

ORDERED, ADJUDGED AND DECREED, that all future questions of maintenance and support are hereby reserved for future determination by this Court or any other Court of competent jurisdiction.

GRANTED

ENTER

Joseph F. Imperato
Special Referee

No. 486468
STATE OF NEW YORK,
COUNTY OF KINGS, SS:
I, WILBUR A. LEVIN,
COUNTY CLERK AND CLERK
OF THE SUPREME COURT,
KINGS COUNTY,
DO HEREBY CERTIFY ON
06.30.2004
THAT I HAVE COMPARED THIS
COPY WITH THE ORIGINAL
FILED IN MY OFFICE ON
2-28-81
AND THAT THE SAME IS A
CORRECT TRANSCRIPT
THEREFROM AND OF THE
WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF,
I HAVE HEREUNTO SET MY
HAND AND AFFIXED MY
OFFICIAL SEAL.

COUNTY CLERK AND CLERK OF THE
SUPREME COURT, KINGS COUNTY
FACSIMILE SIGNATURE USED
PURSUANT TO SEC. 903
COUNTY LAW

DERIVATION CHART

App. 5-1

| Source | Effective Date | Prerequisites | | Additional Requirements for Special Situations | | | | Special Provisions |
|---|---|---|---|---|---|---|---|---|
| | | Naturalization of Both Parent | Naturalization of One Parent | Illegitimate Child | Legitimated Child | Adopted Child | Stepchild | |
| Nationality Act of 1940 [1] | 1/13/41 – 12/23/52 | Child must be under 18 when: (1) both parents naturalize, and (2) child begins lawful permanent residence in the U.S. | Child can only derive from one parent if the other one is dead, a U.S. citizen, or they are legally separated and naturalizing parent has custody | • Illegitimate children could not derive • Remedial provision. See special provisions | Must be legitimated under the law of the child's place of domicile before turning 16, and in the custody of legitimating father. Also requires naturalization of mother, unless dead, or U.S. citizen. | Arguably children who are adopted before turning 16 and are in the custody of the adopting parent(s) may derive | Cannot derive citizenship | If on 12/24/52 illegitimate child was under 16, still a lawful permanent resident, and mother still a U.S. citizen, child derived on that date |
| INA [1] | 12/23/52 – 10/5/78 | Child must be under 18 when: (1) both parents naturalize, and (2) begins lawful permanent residence in the U.S. [2] | Child can only derive from one parent if the other one is dead, a U.S. citizen, or they are legally separated and naturalizing parent has custody | Can only derive from mother. [Father's nationality is irrelevant— but if father legitimated child before derivation, both parents must be naturalized.] | Must be legitimated under the law of the parent's or child's place of domicile before turning 16. May also require naturalization of mother, unless dead or U.S. citizen. | May not derive, unless adopted by biological parent and adopting parent and adopting effects legitimation | Cannot derive citizenship | Married children cannot derive citizenship |

07 0959

FILED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit G,   PAGE 1

235

App. 5-1

U.S. CITIZENSHIP AND NATURALIZATION HANDBOOK

BAPTISTE EXHIBIT G, PAGE 2

| Statute | Effective Date | Prerequisites | | Additional Requirements for Special Situations | | | | Special Provisions |
|---|---|---|---|---|---|---|---|---|
| | | Naturalization of Both Parent | Naturalization of One Parent | Illegitimate Child | Legitimated Child | Adopted Child | Stepchild | |
| | 10/5/78 – 2/26/01 | Same as prior law | Same as prior law | Same as prior law | Same as prior law | May derive if adoption occurred before child turned 18 | Cannot derive citizenship | • Married children cannot derive citizenship • Between 10/5/78 and 12/29/81, citizenship vested on adopted children only if adoption occurred before child turned 16 |
| | 2/27/01 – Present | Child under 18 (1) parent a citizen (2) child lawful permanent resident (3) child in physical and legal custody of USC parent (4) No naturalization of parent Required. Parent can be either native born or naturalized U.S. citizen | Same as if both parents citizens | Definition of child requires legitimation under the laws of either the father's or the child's residence or domicile. Legitimation must occur while child is under the age of 16 years. | Section only requires child to be in physical and legal custody of USC parent. Under definition of child, legitimation must occur while child is under the age of 16 years. | May derive if adoption occurred before child turned 16 (18 if immigrated as adopted sibling) and satisfies all other requirements of INA 101(b)(1) | Cannot derive citizenship | Married children cannot derive citizenship |

[1] If child does not qualify for derivation under this section, the U.S. citizen parent may be able to petition under section 322 of the INA. See Ch 11 §§ 11:17 to 11:25.

[2] The statute supports an argument that if the child started to reside in the United States after the parent's naturalization, such residence does not need to be pursuant to lawful admission to permanent residence.

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. John White/ I.S.M. | DATE: 3-28-07 |
|---|---|
| FROM: Stanley Baptiste | REGISTER NO.: 44102-066 |
| WORK ASSIGNMENT: POD-3 ord | UNIT: A3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Respectfully Request My INS Detainer be
lifted or Removed as A matter of Law
and in conformity with policy, You are Required
to for correct this upon Notification. See Sellers
V. Bureau of prisons, 959 F.2d 307 (D.C. Cir 1992).
I have derived citizenship from my mother in 1980."
The probation department has verified this from INS
in 1991 via The Front cover of my (PSR) pre-
sentence Report. I also have my birth certificate,
mothers naturalization certificate with supporting
divorce decree.    Thank you in Advance.

_____(Do not write below this line)_____

DISPOSITION:


**BAPTISTE EXHIBIT H**

07 0959
**FILED**

MAY 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94

C.C.

BAPTISTE EXHIBIT I

STANLEY BAPTISTE
Fed. Reg. No. 44102-066
Rivers Correctional Institution
Post Office Box 630
Winton, NC  27986-0630


March 15, 2007


<u>VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

DEPARTMENT OF HOMELAND SECURITY
Immigration and Customs Enforcement (ICE)
U.S. INS/Investigations
77 Forsyth Street, SW
Atlanta, GA  30303

    RE:  <u>File No. A35 467 846</u>

Dear Sir/Madam Investigator:

     The purpose of this letter is to respectfully request that
Immigration and Customs Enforcement ("ICE") <u>remove</u> and <u>lift</u> the
Detainer that has been lodged against me since 1993.

     I am a United States citizen pursuant to the Immigration and
Nationality Act § 321(a), Derivation After Birth.  My mother,
Marie Baptiste became a United States citizen on February 7,
1980 (See Exhibit A).  My mother and father were divorced on
December 28, 1981 and my mother was awarded custody of me and my
two brothers and one sister.  (See Exhibit B).  At the time of
my mother's and father's divorce, I was 15 years old (a minor).
(See Exhibit C).

     § 321(a) of the Immigration and Nationality Act states the
conditions under which a child may acquire U.S. citizenship,
including through the naturalization of one or both parents,
provided that such naturalization takes place while such child is
under the age of eighteen years, and such child is residing in
United States pursuant to a lawful admission for permanent
residence at the time of naturalization.

     I am a United States citizen pursuant to the Immigration and
Nationality Act, § 321(a), and the detainer should be lifted.

07 0959

**FILED**

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DEPARTMENT OF HOMELAND SECURITY
Immigration and Customs Enforcement (ICE)
March 15, 2007
Page Two

RE:    File No. A35 467 846

This detainer has been lodged against me since September 14, 1993, while I was housed at the Federal Correctional Institution McKean in Bradford, PA (See Exhibit D). Each and every time I am transferred to another Bureau of Prisons facility, your detainer pops up. This detainer is causing my custody level to rise and it is preventing me from being transferred to a camp and/or a Community Correctional Center in furtherance of my rehabilitative efforts.

I am a honorably discharged United States veteran. I served in the United States Navy from July 16, 1986 until December 3, 1990. Furthermore, Ms. Maureen E. Akers, United States Probation Officer conducted a Presentence Report Investigation in 1991, and in her report to the United States District Court, it was stated that I am a United States citizen. (See Exhibit E).

I am a United States prisoner serving a sentence of 240 months from the United States District Court for the Eastern District of Pennsylvania, Docket No. 91-00132-01. My projected release date is August 6, 2008. The INS detainer that has been lodged against me since 1993, has caused me undue hardship and an increased custody level which has prevented me from participating in various educational and vocational programs. I have written to INS and complained and have requested that they investigate this matter to verify that I am in fact a United States citizen all to no avail. I first brought this to the attention of INS in 2000 when I was housed at FCI Otisville in Otisville, NY. In 2002, while I was housed at FCI Ft. Dix, New Jersey, I brought this matter to my Unit Team (Counselor, Case Manager and Unit Manager), all to no avail. One of the most outstanding factors in my case is the fact that I served in the United States Navy and as such, a thorough background check had to be performed before I could enlist in the armed forces.

To assist you in your investigation, I have filled out and signed off on a U.S. Department of Justice Certification of Identity Form and listed below is my personal identification information:

DEPARTMENT OF HOMELAND SECURITY
Immigration and Customs Enforcement (ICE)
March 15, 2007
Page Three

      RE:  File No. A35 467 846

FULL NAME:  Stanley Francisco Edward BAPTISTE

D.O.B.:     October 13, 1966

Birth Place: St. Lucia, West Indies

SSAN #:    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

    WHEREFORE, for the foregoing reasons, I am respectfully
requesting that the INS Detainer that is currently lodged against
me is removed and lifted from my files.  I have submitted this
letter as an effort to resolve this matter administratively
and without the intervention of the United States District
Court.

    I thank you in advance for your time, consideration and
cooperation in getting this detainer removed and lifted from my
file/records.

                     Respectfully submitted,

                     Stanley Baptiste

SB/
Enclosure(s)

Cc:  United States District Court (Exhibit)
      File

Certified Return Receipt # 7002 3150 0004 2814 3602 — 3626 - chicago

      7002 3150 0004 2814 3602

          3626 . chicago