UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY BAPTISTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00959-CKK |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, by and through the United States Attorney for the District of Columbia,

hereby submit this Motion to Dismiss or, in the alternative, for Summary Judgment.   A

memorandum of law and statement of material facts are attached hereto.

Respectfully submitted, this 15th day of October 2007.


          /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


          /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


          /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY BAPTISTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00959-CKK |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION AND SUMMARY**

This is a Privacy Act case, filed pursuant to 5 U.S.C. § 552a(g)(1), in which Plaintiff

Stanley Baptiste claims that Defendants Bureau of Prisons ("BOP") and Immigration and

Customs Enforcement ("ICE") are maintaining inaccurate records pertaining to him.

Specifically, Plaintiff alleges that the Defendants' records indicate that he is an alien and subject

to a deportation detainer, which would make him eligible for deportation after his release from

confinement.  According to Plaintiff, Defendants have not complied with his requests to amend

the relevant records to reflect that he is a United States citizen.  Plaintiff seeks monetary relief

and an injunction requiring that the records be amended.

This case should be dismissed for lack of jurisdiction and failure to state a claim.  The

Court lacks jurisdiction for two reasons.  First, Plaintiff's claims for declaratory and injunctive

relief are moot, because ICE has requested that BOP remove the deportation detainer, and BOP

has done so.  Second, Plaintiff's claims are barred by the applicable statute of limitations.

Moreover, the complaint fails to state a claim against BOP because the records at issue are

exempt from the portions of the Privacy Act that require agencies to amend inaccurate records.

Finally, even if Plaintiff had stated a viable claim, he would not be entitled to monetary relief. For all those reasons, Defendants, by and through the United States Attorney for the District of Columbia, request that the complaint be dismissed or, in the alternative, that summary judgment be entered in Defendants' favor.

### STANDARD OF REVIEW

A.      **Motion to Dismiss**

Defendants move for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.  In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

Rule 12(b)(6) requires dismissal if a plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974

(2007) (abrogating prior standard which required the moving party to show that plaintiff can prove no set of facts in support of its claim which would entitle it to relief). This Court must accept all well-pleaded facts as true. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). The Court also must resolve all factual doubts in favor of the plaintiff, and allow the plaintiff the benefit of all inferences. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### B.    Motion for Summary Judgment

Defendants move in the alternative for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue

exists for trial. See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,

586 (1986).  Federal Rule of Civil Procedure 56 requires the party opposing summary judgment

go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions

set forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e);

Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).

## STATEMENT OF THE CASE

### A.    Statutory Framework

Under the Privacy Act, each agency that maintains a system of records is required to

"maintain all records which are used by the agency in making any determination about any

individual with such accuracy, relevance, timeliness, and completeness as is reasonably

necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  Upon

receipt of an individual's request to amend a record pertaining to him, an agency must amend the

record if it is determined to be incorrect or inform the individual of its reason for not amending

the record. Id. § 552a(d)(2).  An individual may file a civil action against an agency when the

agency refuses to amend its records or fails to maintain them accurately and the individual

suffers an adverse determination as a result thereof. Id. § 552a(g)(1)(C).  An individual that

brings an action under

§ 552a(g)(1)(C) may recover monetary damages if the court determines that the agency's

conduct was intentional or willful. Id. § 552a(g)(4).

### B.    Factual Background

Plaintiff, Stanley Baptiste, Register No. 44102-066, is a Bureau of Prisons' inmate confined at Rivers Correctional Institution ("RCI")[1] in Winton, North Carolina. He is serving the remainder of a 240-month federal sentence he received in the United States District Court for the Eastern District of Pennsylvania. See Compl., Exh. I, at 2. Plaintiff's current projected release date from confinement on this sentence is August 6, 2008. Id.

On or about September 14, 1993, Immigration and Naturalization Service ("INS", now ICE) staff submitted for filing with the BOP a federal immigration detainer (File No. A35 467 846) against Plaintiff. See Compl., Exhibit D. The BOP received the detainer on September 23, 1993. See id. The detainer listed, among other information, Plaintiff's nationality as St. Lucia. Id. According to Plaintiff, BOP records subsequently classified Plaintiff as a deportable alien and reflected that he was not a U.S. citizen. See Compl.

By Plaintiff's own account, he first brought the issues pertaining to his citizenship and the detainer to the attention of INS authorities in 2000 and raised these issues with BOP staff in 2002. See Compl., Exh. I, at 2. On February 8, 2006, ICE faxed a notice of cancellation of the detainer to the Fort Dix, Texas facility at which Plaintiff was being held. See Exh. 1, Declaration of Joshua Costello, ¶ 4. On or about March 15, 2007, Plaintiff mailed a letter to ICE officials requesting removal of the detainer, contending that he was a United States citizen. See Compl., Exh. I. However, by that time, ICE already had cancelled the detainer previously issued against Plaintiff. See Costello Decl., ¶ 4. On or about March 28, 2007, Plaintiff allegedly sent a written request to RCI staff to have his detainer removed. See id., Exh. H.

---

[1] RCI is a private facility contracted by the BOP to house BOP inmates.

Plaintiff filed the instant action on May 23, 2007.  He alleges that Defendants have refused to correct their records to reflect his citizenship status, that he is classified as a deportable alien, and that BOP has adversely used the inaccurate information to deny him transfer to a lower security institution, consideration for halfway house placement, and the opportunity to work in Prison Industries.  On or about September 20, 2007, RCI staff received a Notice of Action from ICE directing the BOP to cancel the above detainer.  See Exh. 2, Declaration of Barry Davis, ¶ 4.  The Notice of Action listed the United States as Plaintiff's nationality.  See id.  In accordance with the Notice of Action, Plaintiff's detainer has been canceled, and BOP staff have verified that the BOP has no active detainers on file for Plaintiff. See id.  In addition, BOP records now identify Plaintiff as being a United States citizen.  See id.

## ARGUMENT

A.    **Plaintiff's Request to Amend His Records Must be Dismissed as Moot Because the Records at Issue Have Been Amended to Reflect that Plaintiff is a United States citizen and is Not Subject to a Deportation Detainer.**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies."  Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)); see U.S. Const. Art. III, § 2 (authorizing federal courts to review "cases" or "controversies."  U.S. Const. Art. III, § 2); Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case or controversy requirement); National Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997) (same).  This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome.  See Richardson v. Ramirez, 418 U.S. 24, 36 (1974).  The

case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see also Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing Arizonans for Official English, 520 U.S. 43). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

Plaintiff's request for injunctive and declaratory relief is moot, and therefore must be dismissed for lack of jurisdiction. Plaintiff seeks an injunction requiring Defendants to amend their records to show that Plaintiff is a United States citizen and that he is not subject to an immigration detainer, and a declaratory judgment that Defendants have maintained inaccurate records and refused to amend them. However, both Defendants have already amended their records to reflect that Plaintiff is a United States citizen, and that he is no longer subject to an immigration detainer. See Costello Declaration, ¶ 4 (Exh. 1); Davis Declaration, ¶ 4 (Exh. 2). Defendants' voluntary amendment of their records makes it impossible for the Court to grant "any effectual relief whatever" to Plaintiff, and renders the case moot. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)); see also Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (explaining that a claim becomes moot"when the claimant receives the relief he or she sought to obtain through the claim"). Accordingly, there is no longer a case or controversy with respect to Plaintiff's claims

for declaratory and injunctive relief, and those claims must be dismissed for lack of jurisdiction. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (stating cases are properly dismissed on mootness grounds when there is no further judicial function for the Court to perform); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

      **B.**      **Plaintiff's Claims are Barred by the Privacy Act's Two-Year Statute of Limitations.**

      The Privacy Act contains a statute of limitations, which provides that a plaintiff must bring a Privacy Act action "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5).  This statute of limitations is an "'integral condition of the sovereign's consent to be sued under the Privacy Act," and thus is jurisdictional in nature.  Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987)); see also Harrell v. Fleming, 285 F.3d 1292, 1293 (10th Cir. 2002).  When a plaintiff files a Privacy Act action outside the two year statute of limitations, the court must dismiss the action for lack of subject matter jurisdiction.  See Harrell, 285 F.3d at 1293; Bernard v. United States Dep't of Defense, 362 F. Supp. 2d 272, 278 (D.D.C. 2005); Armstrong v. Bureau of Prisons, 976 F. Supp. 17, 21 (D.D.C. 1997).

      A cause of action arises under the Privacy Act and the statute of limitations begins running when the plaintiff first knows or has reason to know of the inaccurate records.  See Doe v. Thompson, 332 F.Supp.2d 124, 133 (D.D.C. 2004) (citing Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987).  A plaintiff need not have precise knowledge as to the existence of such records in order for a Privacy Act cause of action to arise.  In Diliberti v. United States, the Seventh Circuit held that "hearsay and rumors" regarding the possible existence of records were enough to put the plaintiff on notice and to "impose upon him a duty to inquire into the veracity

8

of those rumors for purposes of bringing an action under the Privacy Act." Diliberti, 817 F.2d at

1263. A new cause of action under the Privacy Act does not arise "'upon each and every

subsequent adverse determination based on erroneous records,' otherwise, 'the two-year statute

would never run.'" Harrell, 285 F.3d at 1293 (quoting Bergman v. United States, 751 F.2d 314,

317 (10th Cir. 1984)); see also Doe, 332 F.Supp.2d at 133 (holding claim not tolled by continuing

violations).

In this case, the evidence presented by Plaintiff clearly indicates that he knew about the

alleged inaccuracies in Defendants' records more than two years before he filed the instant

action. Plaintiff's letter addressed to Immigration and Customs Enforcement, attached as Exhibit

I to his complaint, indicates that he "first brought this [i.e. the issues pertaining to his citizenship

and the detainer] to the attention of INS in 2000" while in BOP custody and raised these issues

with BOP in 2002 while in BOP custody. See Compl., Exh. I, pg. 2. Based on Plaintiff's own

evidence, the instant cause of action against ICE arose by 2000 and against BOP by 2002.

Despite Plaintiff's prior knowledge of the relevant facts, he did not file the instant Privacy Act

action until May 23, 2007. By that time, the Privacy Act's two-year limitations period had

expired. Therefore, Plaintiff's complaint should be dismissed with prejudice for lack of subject

matter jurisdiction.

**C.    Defendants Have Exempted the Relevant System of Records from the
        Accuracy and Amendment Provisions of the Privacy Act.**

Even if the Court had jurisdiction — *i.e.*, if the action had been timely filed and the issues

presented were not moot — BOP would not be required to amend Plaintiff's records. Under the

Privacy Act, an agency may promulgate rules that exempt certain systems of records within the

agency from various subsections of the Privacy Act. The Privacy Act defines a system of

9

records as "a group of any records under the control of any agency from which information is

retrieved by the name of the individual or by some identifying number, symbol, or other

identifying particular assigned to the individual."  5 U.S.C. § 552a(a)(5).  A system of records

may be exempted from the Privacy Act if it is:

> maintained by an agency or component thereof which performs as its principal
> function any activity pertaining to the enforcement of criminal laws, including . . .
> correctional . . . authorities, and which consists of (A) information compiled for
> the purpose of identifying individual criminal offenders and alleged offenders . . .;
> (B) information compiled for the purpose of a criminal investigation . . .; or (C)
> reports identifiable to an individual compiled at any stage of the process of
> enforcement of the criminal laws . . ..

5 U.S.C. § 552a(j)(2).

Pursuant to 552a(j), Defendants have exempted a number of its systems of records from

the Privacy Act's amendment and accuracy provisions.  Specifically, the records contained in the

BOP's Inmate Central Record System, are exempt from various subsections of the Privacy Act,

including subsection (d) (pertaining to amendment of agency records) and subsection (g)

(authorizing civil remedies for Privacy Act violations).  See 28 C.F.R. § 16.97(a)(4); see also

Martinez v. BOP, 444 F.3d 620, 524 (D.C. Cir. 2006); White v. United States Probation Office,

148 F.3d 1124, 1125 (D.C. Cir. 1998).  The BOP maintains inmate detainers in the Inmate

Central Record System.  See BOP Program Statement 5800.11, entitled Inmate Central File,

Privacy Folder, and Parole Mini-Folders, pps. 5-6 (available online at www.bop.gov by

accessing the policy/forms tab); see also Mitchell v. BOP, No. Civ. A. 05-0443, 2005 WL

3275803 (D.D.C. Sept. 30, 2005) (unpublished) (recognizing inmate detainers are maintained in

10

BOP's Inmate Central Record System).[2]   ICE (formerly the INS) also has exempted several records and systems from subsections (d) and (g) of the Privacy Act.  See 28 C.F.R. § 16.99(a). That exemption includes the A-file, which is where the information concerning Plaintiff's citizenship status could be found.  See id. § 16.99(a)(1) (exempting alien file from portions of the Privacy Act and FOIA); Costello Decl., ¶ 4.

Defendants' exemption of the ICRS and Plaintiff's A-file from the Privacy Act's amendment provisions bars Plaintiff from raising a Privacy Act claim seeking amendment of those records.  The records at issue in this litigation are a federal immigration detainer, which BOP maintains in the ICRS, and documents in Plaintiff's A-file concerning his citizenship status.  Accordingly, if the Court had jurisdiction to review Plaintiff's Privacy Act claims, the claims would be subject to dismissal pursuant to Rule 12(b)(6).

### D.     Plaintiff is not Entitled to Money Damages.

To state a claim for money damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. Cir. 2002) (citing 5 U.S.C. § 552a(g)(1)(c)).  Assuming Plaintiff could show that Defendants maintained inaccurate records, he would then bear the burden of showing Defendants actions in maintaining such inaccurate records were intentional or willful.  See Doyon v. U.S. Dept. Of Justice, 304 F.Supp.2d 32, 34 (D.D.C. 2004).  The D.C. Circuit has defined willful or intentional as a violation "so patently

---

[2] BOP program statements are available online at www.bop.gov by accessing the "Policy/Forms" tab.

egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters v. United States Parole Commission, 85 F.3d 655, 660 (D.C.Cir. 1996).  An agency acts willfully or intentionally "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." Id. (quoting Albright v. United States of America, 732 F. 2d 181, 188 (D.C. Cir. 1984)).

Here, Plaintiff has provided no evidence that Defendants willfully and intentionally maintained inaccurate records.  Rather, the evidence shows that Defendants amended the records at issue once Plaintiff's citizenship status had been clarified.  Plaintiff was born in Saint Lucia. See Compl. Exh. 3.  However, Plaintiff alleges that he achieved derivative citizenship status as a result of his mother's naturalization as a U.S. citizen.  In early 2006 — well before this lawsuit was filed — ICE investigated Plaintiff's citizenship status, and concluded that Plaintiff was a U.S. citizen who had derived his citizenship from his mother.  See Costello Declaration, ¶ 4 (Exh. 1).  ICE then canceled the detainer, and faxed a notice of that cancellation to the Fort Dix, Texas facility at which Plaintiff was then incarcerated.  See id.  The RCI facility received a notice of cancellation of detainer from ICE in September, 2007, and BOP promptly amended its records to indicate that Plaintiff was a United States citizen.  See Davis Declaration, ¶ 4 (Exh. 2). Accordingly, there is no basis for concluding that either agency acted with flagrant disregard for Plaintiff's rights.

Nor has Plaintiff shown that he has suffered an adverse determination as a result of such records.  The D.C. Circuit has recognized that in the prison context, "adverse determination" denotes, at least, a decision that negatively "affects [an] inmate's rights, benefits, entitlements, or opportunities."  Deters, 85 F.3d at 659.  Here, Plaintiff has failed to show that his rights, benefits,

12

or entitlements, were negatively affected by Defendants willful or intentional maintenance of

inaccurate records.  Although Plaintiff alleges that the inaccurate records at issue in this case

resulted in the BOP denying him transfer to a lower security institution, consideration for

halfway house placement, and the opportunity to work in Prison Industries, such unsupported

allegations are insufficient to show that he would have received such purported benefits or

opportunities in the absence of Defendants' maintenance of the purported inaccurate records at

issue.  See Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D.D.C. 1996) (holding mere

allegations that records at issue resulted in Plaintiff being denied lesser sentence, credits, or

camp placement insufficient to show adverse determination).  In sum, Plaintiff's complaint fails

to state a claim for money damages under the Privacy Act.

## <u>CONCLUSION</u>

For the foregoing reasons, this action must be dismissed or, in the alternative, summary judgment on behalf of Defendants should be granted.

Respectfully submitted, this 15th day of October 2007.

                      /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                      /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

              /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

14

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2007, I caused the foregoing Motion to be filed via the Court's Electronic Case Filing system, and to be served upon <u>pro se</u> plaintiff by first-class mail, postage prepaid, addressed as follows:

**STANLEY FRANCISCO EDWAR BAPTISTE**
R44102-066
Rivers Correctional Institution
P. O. Box 630
Winton, NC 27986


_____/s/   Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY BAPTISTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00959-CKK |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO
GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants hereby submit the following statement of material facts as to which there is no genuine dispute. The facts established below are sufficient to support the award of summary judgment to Defendants.

1.    Plaintiff, Stanley Baptiste, Register No. 44102-066, is a Bureau of Prisons' inmate confined at Rivers Correctional Institution in Winton, North Carolina. See Compl.; Declaration of Barry Davis, ¶¶ 1, 3 (Exh. 2).

2.    On September 23, 1993, the Bureau of Prisons ("BOP") received a federal immigration detainer against Plaintiff, listing Plaintiff's nationality as St. Lucia. See Compl., Exh. D.

3.    In 2000, Plaintiff brought the issues pertaining to his alleged derivative citizenship status to the attention of INS authorities. See Compl., Exh. I.

4.    On February 8, 2006, Immigrations and Customs Enforcement ("ICE") faxed a notice of cancellation of the detainer against Plaintiff to the Fort Dix, Texas facility at which Plaintiff was being held. See Declaration of Joshua Costello, ¶ 4 (Exh. 1).

5.      On or about September 20, 2007, the Rivers Correctional Institution staff received a

Notice of Action from ICE directing the BOP to cancel the detainer against Plaintiff.  See

Davis Decl., ¶ 4.  The Notice of Action listed the United States as Plaintiff's nationality.

See id.

6.      BOP's records identify Plaintiff as being a United States citizen.  See Davis Decl., ¶ 4.

BOP has no active detainers on file for Plaintiff.  See id.

Respectfully submitted, this 15th day of October 2007.


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


2

10/15/2007 13:26 FAX 630 884 0843
10/15/2007 13:44 FAX 8564249473    USINS CNJ
10/15/2007 12:23 FAX 630 884 0843

Case 1:07-cv-00959-CKK    Document 15-2    Filed 10/15/2007    Page 1 of 4    002/005
001
002/005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY BAPTISTE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 1:07-cv-00959-CKK |
| v. | |
| | ) |
| | ) |
| BUREAU OF PRISONS, et al. | |
| | |
| DEPARTMENT OF HOMELAND | |
| SECURITY – IMMIGRATION AND | |
| CUSTOMS ENFORCEMENT | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF JOSHUA COSTELLO

I, Joshua Costello, hereby declare as follows:

1. I am employed by the United States Department of Homeland Security, Immigration and Customs Enforcement.

(ICE), as a Deportation Officer. I have been employed in this capacity since April 2007. In February 2006 I was employed as an Immigration Agent with Office of Investigation, ICE. My office is located at 4002 Lincoln Drive West, Marlton, NJ 08053.

2. As part of my official duties, as an Immigration Agent I conducted criminal investigations, investigated administrative violations of the Immigration and Nationality Act (INA), placed individuals in deportation proceedings, determined alienage and deportability of individuals and conducted verification of individuals claiming to be United States citizens.

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the instant litigation, claiming in part, that BOP records incorrectly identify him as being a deportable

alien and indicate that he is not a United States citizen.

4. On or about February 8, 2006 I reviewed the claimed citizenship status of Stanley Baptiste. Based on my review of Baptiste's A-file, I determined that Stanley Baptiste is a U.S. citizen and that he derived his citizenship through his mother. Accordingly, I prepared an Immigration Detainer – Notice of Action canceling the detainer previously placed by the Service on Stanley Baptiste. I faxed a copy of the cancellation of the detainer to Fort Dix Correctional Facility on February 8, 2006.

5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed this 15th day of October 2007.

Joshua Costello
Deportation Officer

U.S. Department of Justice
Immigration and Naturalization Service

**Immigr...   ...Detainer - Notice of Action**

File No. 35 467 846

Date:

TO: (Name and title of institution)

U.S. BOP
FORT DIX FCI

FROM: (INS office address)
United States Department of Homeland Security
Bureau of Immigration and Customs Enforcement
Office of Investigations
RAC Cherry Hill

Name of alien: STANLEY BAPTISTE    BOP # 44102-066

Date of birth: ▮▮▮▮▮    Nationality: UNITED STATES    Sex: M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on_____
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling
_____ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.  ☐ A self-addressed stamped envelope is enclosed for your convenience.  ☐ Please return a signed copy via facsimile to _____
(Area code and facsimile number)

Return fax to the attention of _____ , at _____ .
(Name of INS officer handling case)    (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death or transfer to another institution.

✖ Please cancel the detainer previously placed by this Service on _____

_____
(Signature of INS official)

Enforcement Agent
(Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____ Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97) N

```
*********************
***    TX REPORT    ***
*********************
```

```
TRANSMISSION OK

TX/RX NO           3034
CONNECTION TEL                 16097247533
CONNECTION ID      FCI FORT DIX ISM
ST. TIME           02/08 15:44
USAGE T            00'22
PGS. SENT          1
RESULT             OK
```

U.S. Department of Justice
Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

8/6/2008

File No. 35 467 846

Date:

TO: (Name and title of institution)

U.S. BOP
FORT DIX FCI

FROM: (INS office address)
United States Department of Homeland Security
Bureau of Immigration and Customs Enforcement
Office of Investigations
RAC Cherry Hill

Name of alien: STANLEY BAPTISTE    BOP # 44102-066

Date of birth: ▇▇▇▇▇    Nationality: UNITED STATES    Sex: M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on_____.
                                                                                                    (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling _____ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.  ☐ A self-addressed stamped envelope is enclosed for your convenience.  ☐ Please return a signed copy via facsimile to _____
                                                                                                                (Area code and facsimile number)

Return fax to the attention of _____ , at _____
                              (Name of INS officer handling case)      (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,    )
           )
  Plaintiff,     )
           )  Case No. 1:07-cv-00959-CKK
    v.     )
           )
BUREAU OF PRISONS, et al.  )
           )
  Defendants.    )

## DECLARATION OF BARRY DAVIS

I, Barry Davis, hereby declare as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as a Contract Oversight Monitor. I have been employed in this capacity since February 2001. My office is located at Rivers Correctional Institution (RCI) in Winton, North Carolina. RCI is a privately-owned low security correctional facility under contract with the BOP to confine and house BOP inmates.

2. As part of my official duties, I oversee the aforementioned contract on behalf of the BOP and ensure contract compliance. I have access to records of persons confined at RCI, including records maintained on the BOP SENTRY computer database. SENTRY provides detailed information on BOP inmates, including whether an inmate has a detainer on file with the BOP and an inmate's country of citizenship.

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the instant litigation, claiming in part, that BOP records incorrectly identify him as being a deportable alien and indicate that he is not a United States citizen.

4. I searched SENTRY and other BOP records pertaining to Mr. Baptiste in an effort to resolve the above issues. I also contacted records personnel at RCI with regard to these issues. BOP records reveal that in 1993, the Immigration and Naturalization Service (INS) filed a detainer with the BOP against Mr. Baptiste. On or about September 20, 2007, RCI received a Notice of Action from the Bureau of Immigration and Customs Enforcement (formerly INS) directing the BOP to cancel the above detainer. The Notice of Action also indicated Mr. Baptiste's nationality is the United States. Pursuant to the Notice of Action, the aforementioned detainer has been canceled in BOP records, and Mr. Baptiste currently has no active detainers on file with the BOP. Moreover, Mr. Baptiste is currently identified in BOP records as a United States citizen.

5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed this 27th day of September, 2007.

Barry Davis
Contract Oversight Monitor
Federal Bureau of Prisons