UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY BAPTISTE, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>BUREAU OF PRISONS, et al. )<br>)<br>Defendants. ) | Case No. 1:07-cv-00959-CKK |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Federal Bureau of Prisons ("BOP") and Department of Homeland Security Immigration and Customs Enforcement ("ICE"), by and through their undersigned attorneys, respectfully submit the following Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Defendants' Motion"). This is a Privacy Act case in which Plaintiff Stanley Baptiste seeks injunctive and declaratory relief and damages based on Defendants' alleged failure to maintain accurate records concerning his citizenship status and whether he is subject to deportation upon his release from prison. For the reasons set forth in Defendants' Motion, the Court lacks jurisdiction to review Plaintiff's claims, and the claims would lack merit if they were properly before the Court.

The arguments presented in Plaintiff's opposition to Defendants' Motion do not refute Defendants' showing that dismissal or entry of summary judgment for Defendants is warranted. The Court lacks jurisdiction because Defendants' voluntary amendment of their records mooted the request for injunctive and declaratory relief, and because Plaintiff initiated this action after the Privacy Act's two-year statute of limitations expired. Moreover, Defendants maintain the immigration detainer and information concerning Plaintiff's citizenship status in records systems

that have been exempted from the Privacy Act's accuracy, amendment, and civil remedies provisions. Defendants' Motion should therefore be granted.

## ARGUMENT

I.  **THE COURT LACKS JURISDICTION TO REVIEW PLAINTIFF'S PRIVACY ACT CLAIMS.**

   A.  **Defendants' Voluntary Amendment of the Records At Issue Mooted the Claims For Injunctive and Declaratory Relief.**

The complaint seeks an injunction requiring Defendants to amend their records to show that Plaintiff is a United States citizen and that he is not subject to an immigration detainer, and a declaratory judgment that Defendants have maintained inaccurate records and refused to amend them. Those claims are moot because Defendants voluntarily amended their records to reflect that Plaintiff is not subject to deportation because of his derivative citizenship status. Specifically, BOP has canceled the detainer previously on file for Plaintiff, and its records identify Plaintiff as a United States Citizen. See Decl. of Barry Davis ¶ 4 (Dkt. Entry 15 at Exh. 2). BOP took that action after receiving a notice from ICE dated September 20, 2007 directing that the detainer be canceled. See id. ICE first reviewed the issue in February 2006, and faxed a notice of cancellation of the detainer to the Fort Dix facility at which Plaintiff was then incarcerated.[1] See Decl. of Joshua Costello, ¶ 4. ICE also sent a notice of action to BOP in September, 2007. See Davis Decl. ¶ 4.

---

[1] Although the ICE records reflect that the fax was sent to Fort Dix Correctional Facility February 8, 2006, BOP does not have any record of receiving that fax. See Second Davis Decl., ¶ 4 (Exh. 1 hereto).

Plaintiff does not appear to contest that those voluntary amendments of the relevant records mooted the claims for injunctive and declaratory relief.  It is well settled that events that give the plaintiff the relief sought in the complaint eliminate any live controversy as to the claims which seek that relief.  See, e.g., Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision).  Defendants' amendment of their records had that effect.  Plaintiff's claims for injunctive and declaratory relief therefore must be dismissed for lack of jurisdiction.

**B.     Plaintiff's Complaint Was Filed After the Statute of Limitations Expired.**

Compliance with the Privacy Act's two-year statute of limitations is a jurisdictional prerequisite to bringing a Privacy Act claim.  See Bernard v. United States Dep't of Defense, 362 F. Supp. 2d 272, 278 (D.D.C. 2005); Armstrong v. Bureau of Prisons, 976 F. Supp. 17, 21 (D.D.C. 1997).  That two-year period begins "the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5).  A cause of action arises under the Privacy Act and the statute of limitations begins running when the plaintiff first knows or has reason to know of the inaccurate records.  See Doe v. Thompson, 332 F.Supp.2d 124, 133 (D.D.C. 2004) (citing Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987).

Plaintiff knew or should have known about the allegedly inaccurate records more than seven years ago.  Plaintiff would have the Court believe that his claims arose in November 2005, when his attorney wrote a letter requesting removal of the detainer.  See Plaintiff's Opp. to Defendants' Mot. to Dismiss at 16 ("Opp.").  However, Exhibit I to the complaint demonstrates

that Plaintiff was aware of the citizenship issue well before that letter was written.[2] That exhibit contains a March 15, 2007 letter to ICE in which Plaintiff states that he "first brought this to the attention of INS in 2000, when [he] was housed at FCI Otisville in Otisville, New York." Compl. at "Baptiste Exhibit I" (Dkt. Entry 1). Plaintiff's letter also states that in 2002 he raised this issue with Unit Team members at the Fort Dix correctional institution in which he was imprisoned. See id. Those statements establish that Plaintiff either knew or had reason to know of the derivative citizenship issue more than six years prior to initiating this litigation. It follows that his Privacy Act claims for injunctive relief, declaratory relief, and damages are untimely.

## II. THE RECORDS AT ISSUE IN THIS CASE ARE EXEMPT FROM THE PRIVACY ACT'S ACCURACY, AMENDMENT, AND DAMAGES PROVISIONS.

Information about Plaintiff's citizenship status and any immigration detainer on file for him is stored in BOP's Inmate Central Records System ("ICRS") and the alien file ("A-file") maintained by ICE. As Plaintiff admits, BOP's regulations expressly state that the ICRS is exempt from the accuracy and amendment provisions of the Privacy Act. See 28 C.F.R. § 16.97(a)(4), (b)(3), (j) (exempting ICRS from certain Privacy Act requirements); Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006) (noting same); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) ("Under [the pertinent] regulations . . . BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act."); Ingram v. Gonzales, 501 F. Supp. 2d 180, 185 (D.D.C. 2007). Likewise, Department of Homeland Security ("DHS") regulations expressly exempt the A-file from those portions of the Privacy Act. See 28 C.F.R. § 16.99(a)(1) (exempting alien file from portions of the Privacy Act

---

[2] Plaintiff's denial that he submitted an Exhibit I is perplexing; the complaint clearly identifies that letter as "Baptiste Exhibit I." See Dkt. Entry 1.

and FOIA); see generally United States v. Sokolov, 814 F.2d 864, 875 (2d Cir. 1987) (noting that A-file is exempt from Privacy Act disclosure). Those exemptions bar Plaintiff's Privacy Act claims.

Plaintiff attempts to cast doubt on the applicability of those exemptions by arguing that Defendants have not shown that the records are being used for a "law enforcement purposes" and Defendants therefore lacked authority to exempt them. Opp. at 2-7. That argument confuses the standard for exempting information from disclosure pursuant to Freedom of Information Act exemption 7(b) with the standards governing agencies' ability to exempt records from the Privacy Act's accuracy, amendment, and civil remedies provisions. See generally Pratt v. Webster, 673 F.2d 408 (D.C. Cir. 1982) (addressing FOIA exemption 7(b)'s requirement that records be "compiled for law enforcement purposes"). The Privacy Act exemptions at issue in this case are governed by Section 552(a)(j) of that statute, and not FOIA exemption 7(b).

Section 552a(j) permits the head of an agency to exempt records it maintains from the accuracy and amendment provisions of the Privacy Act if: (1) the "agency or component thereof . . . performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities;" and (2) the records consist of, inter alia,

> information compiled for the purpose of identifying individual criminal offenders
> and alleged offenders and consisting only of identifying data and notations of
> arrests, the nature and disposition of criminal charges, sentencing, confinement,

release, and parole and probation status. . . [or] reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j). The same conditions govern agencies' ability to exempt records from section (g)(1) of the Privacy Act, which provides a civil remedy for a failure to maintain accurate and

complete records. See id. Defendants' exemption of the ICRS and A-file meet the requirements of Section 552a(j).

As noted, BOP — which is a correctional agency — exempted its central system of records from the Privacy Act's accuracy, amendment, and civil remedy requirements. See Ingram, 501 F. Supp. 2d at 185. It explained that compliance with those Privacy Act provisions "would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public." 28 C.F.R. § 16.97(k). A deportation detainer identifies the terms on which an inmate may be released. Thus, like other data in ICRS, it is within the scope of Section 552(a)(j).

ICE is a DHS sub-agency whose primary mission concerns law enforcement. See, e.g., Charles v. Samuels, 2007 WL 1674595, at * 1 n. 3 (explaining that ICE "has assumed the [former] INS's law enforcement functions"); Balderrama v. United States Dep't of Homeland Security, 2006 WL 889778, at * 10 (D.D.C. Mar. 30, 2006) ("ICE is the largest investigative arm of [DHS]"). DHS has exempted the A-file from the accuracy, amendment, and civil remedy provisions. See 28 C.F.R. § 16.99(a). The regulations reflect DHS's concern that the "restrictions of [Privacy Act] subsection (e)(5) would restrict the ability of trained investigators and intelligence analysts to exercise their judgment in reporting on investigations and impede the development of criminal intelligence necessary for effective law enforcement." Id. § 16.99(b)(8).

Plaintiff's assertion that agencies should be required to submit Vaughn indexes linking specific documents within their record systems to the exemptions claimed and the justifications for those exemptions is more of a policy proposal than a legal argument. See Opp. at 7-9. This

Court's precedent does not condition the availability of a Privacy Act exemption upon agencies' creation of such an index. Rather, Defendants need only establish that the record systems at issue (here the ICRS and A-file) are within the scope of regulatory exemptions to the Privacy Act's requirements.

In sum, both agencies have exempted the relevant records systems from subsections e(5) and (g) of the Privacy Act. "This exemption effectively deprives plaintiff of any remedy, including damages, for [Defendants'] alleged failure to maintain [their] records with the requisite level of accuracy." Simpson v. Federal Bureau of Prisons, 2007 WL 666517, at * 2 (D.D.C. Mar. 2, 2007); see also Risely v. Hawk, 108 F. 3d 1396, 1397 (D.C. Cir. 1997) ("Bureau of Prisons regulations exempt the agency from the Privacy Act provision requiring inaccurate files to be amended.") (citing Sellars v. Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992)); Meyer v. Bureau of Prisons, 940 F. Supp. 9, 13-14 (D.D.C. 1996). Neither agency has waived those Privacy Act exemptions. A waiver must be explicit. See Martinez, 444 F.3d at 624. The BOP policy that Plaintiff has cited simply reflects BOP's general efforts to maintain accurate records. It does not purport to make ICRS records subject to the Privacy Act's accuracy, amendment, and civil remedies provisions.

### III. PLAINTIFF WOULD NOT BE ENTITLED TO DAMAGES EVEN IF HIS CLAIMS WERE TIMELY AND THE RECORDS WERE SUBJECT TO THE PRIVACY ACT'S ACCURACY, AMENDMENT, AND DAMAGES PROVISIONS.

The Court need not reach the merits of Plaintiff's damages claims because of the jurisdictional deficiencies and the exemptions discussed above. However, even if Plaintiff had a viable claim, he would not be entitled to monetary relief. See Defendants' Motion at 11-13. Derivative citizenship is not self-evident, but depends on a variety of facts including the date on

which Plaintiff's mother was naturalized, Plaintiff's age at that time, when his parents were legally separated, and whether his mother had custody of him when she became naturalized.[3] See Lewis v. Gonzales, 481 F.3d 125, 129-32 (2d Cir. 2007). Upon receiving information from Plaintiff concerning those issues, ICE examined the issue and updated its records to reflect his citizenship status. See Costello Decl. ¶ 4 (Exh. 2 to Dkt. Entry 15). Once BOP received a notice from ICE concerning Plaintiff's derivative citizenship, it amended its records to remove the deportation detainer and identify Plaintiff as a United States citizen. See Davis Decl. ¶ 4 (Exh. 1 to Dkt. Entry 15). BOP did not receive the prior notice of action which DHS faxed in February 2006. See Second Davis Decl. ¶ 4. Accordingly, there is no basis for concluding that either agency "intentionally and wilfully" maintained inaccurate records, or acted with flagrant disregard for Plaintiff's rights. Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. Cir. 2002); see also Doyon v. U.S. Dept. Of Justice, 304 F.Supp.2d 32, 34 (D.D.C. 2004).

Plaintiff also has not shown that he has suffered an adverse determination as a result of the alleged inaccuracies. See Defendants' Motion at 12-13. Plaintiff cannot obtain Privacy Act damages unless he establishes that such a determination was made, and that it negatively "affects [his]rights, benefits, entitlements, or opportunities" in prison. Deters v. United States Parole Commission, 85 F.3d 655, 660 (D.C.Cir. 1996). Given that Plaintiff discusses this issue in his motion for summary judgment, Defendants will respond to those arguments in their opposition to

---

[3] The statute that created derivative citizenship status, 28 U.S.C. § 1432, has since been repealed. See Ashton v. Gonzales, 431 F.3d 95, 97 (2d Cir. 2005). However, derivative citizenship is evaluated by reference to the law in effect at the time the person seeking that status "fulfilled the last requirement for derivative citizenship." Id.

that motion (which will be filed December 28, 2007), rather than addressing the same arguments in two separate briefs.

## **CONCLUSION**

For the foregoing reasons, this action must be dismissed for lack of jurisdiction or, in the alternative, summary judgment on behalf of Defendants should be granted.

Respectfully submitted, this 20th day of December 2007.

        /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


        /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2007, I caused the foregoing Reply to be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by first-class mail, postage prepaid, addressed as follows:

**STANLEY FRANCISCO EDWAR BAPTISTE**
R44102-066
Rivers Correctional Institution
P. O. Box 630
Winton, NC 27986


    /s/   Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY BAPTISTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, et al. )<br>)<br>___Defendants._____ ) | Case No. 1:07-cv-00959-CKK |

### SECOND DECLARATION OF BARRY DAVIS

I, Barry Davis, hereby declare as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as a Contract Oversight Monitor. I have been employed in this capacity since February 2001. My office is located at Rivers Correctional Institution (RCI) in Winton, North Carolina. RCI is a privately-owned low security correctional facility under contract with the BOP to confine and house BOP inmates.

2. As part of my official duties, I oversee the aforementioned contract on behalf of the BOP and ensure contract compliance. I am familiar with RCI's policies, procedures, and practices, and I have access to records of BOP inmates confined at RCI. As part of the contract, RCI is required to maintain an Inmate Central Record System (ICRS), which is a system under which inmate records are maintained. I am familiar with the ICRS. Amongst the types of records maintained in the ICRS are records pertaining to inmate detainers. I have access to ICRS records of BOP inmates confined at RCI,

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the instant litigation, claiming in part, that the BOP has within its records a document from February 2006 entitled "Immigration Detainer - Notice of Action" addressed from the Department of

Homeland Security to the BOP's Fort Dix FCI facility. Page two of the document instructs the BOP to cancel the then-existing immigration detainer filed against inmate Baptiste.

4. I have searched Mr. Baptiste's ICRS records, which are maintained at RCI, in an effort to determine whether the BOP maintains a copy of the "Immigration Detainer - Notice of Action" document referenced in paragraph 3 above. My search revealed that this document is not maintained in inmate Baptiste's ICRS records, and I found no indication that this document was previously maintained by the BOP.

5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed this 17th day of December, 2007.

Barry Davis
Contract Oversight Monitor
Federal Bureau of Prisons