UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                          )
                                           )
        Plaintiff,                         )
                                           )      Case No. 1:07-cv-00959-CKK
        v.                                 )
                                           )
BUREAU OF PRISONS, et al.                  )
                                           )
        Defendants.                        )

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

Defendants Federal Bureau of Prisons ("BOP") and Department of Homeland Security

Immigration and Customs Enforcement ("ICE"), by and through their undersigned attorneys,

hereby oppose Plaintiff's Motion for Summary Judgment.  As explained in Defendants' motion

to dismiss, this Court lacks jurisdiction to review the merits of this case, and Defendants'

regulations exempt the records systems in which information concerning Plaintiff's deportability

and citizenship status are maintained from the Privacy Act's amendment, accuracy, and civil

remedies provisions.  See Dkt. Entry 15.  In any event, Plaintiff has not shown that he is entitled

to damages, or any other form of relief.  Defendants did not intentionally or wilfully maintain

inaccurate records concerning Plaintiff's deportability and citizenship.  Instead, upon learning

that Plaintiff had obtained derivative citizenship, both BOP and ICE voluntarily amended their

records to reflect that Plaintiff is a United States citizen and to cancel the deportation detainer

previously maintained in their files.  No adverse determinations were made against Plaintiff

during the period in which Defendants believed he was a deportable alien.  Plaintiff's motion for

summary judgment should therefore be denied.

**ARGUMENT**

I.    **DEFENDANTS DID NOT INTENTIONALLY OR WILLFULLY MAINTAIN INACCURATE RECORDS.**

To state a claim for money damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. Cir. 2002) (citing 5 U.S.C. § 552a(g)(1)(c)).  Assuming Plaintiff could show that Defendants maintained inaccurate records, he would then bear the burden of showing that Defendants' actions in maintaining such inaccurate records were intentional or willful.  See Doyon v. U.S. Dept. Of Justice, 304 F. Supp. 2d 32, 34 (D.D.C. 2004).  The D.C. Circuit has defined willful or intentional as a violation "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters v. United States Parole Commission, 85 F.3d 655, 660 (D.C. Cir. 1996).  An agency acts willfully or intentionally "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." Id. (quoting Albright v. United States of America, 732 F. 2d 181, 188 (D.C. Cir. 1984)).

Plaintiff has not carried his burden of showing that Defendants willfully and intentionally maintained inaccurate records concerning his citizenship status.  Plaintiff contends that the "truth" concerning his citizenship status was readily ascertainable, and that Defendants were aware of his citizenship status as early as December 1991, but deliberately chose to disregard that information.  Opp. at 12-14 (Dkt. Entry 17).  Those arguments ignore the nature of derivative citizenship.  Plaintiff was not born a United States citizen, and instead was born outside the United States to parents who were not United States citizens.  See Compl. at 4 &

Exh. C. Derivative citizenship is not self-evident, but depends on a variety of facts including the

date on which Plaintiff's mother was naturalized, Plaintiff's age at that time, when his parents

were legally separated, and whether his mother had custody of him when she became

naturalized.[1]  See Lewis v. Gonzales, 481 F.3d 125, 129-32 (2d Cir. 2007); see also Decl. of

Stanislaus Gonsalves, ¶ 3 (Exh. 1 hereto).  ICE investigated this issue in February 2006, and

concluded that Plaintiff had derived citizenship status from his mother (who is a naturalized

citizen).  See Costello Decl., ¶ 4 (Dkt. Entry 15 at Exh. 1).  To make that determination, the ICE

officer had to review Plaintiff's alien file.  See Gonsalves Decl., ¶ 5.  Once ICE became aware

that Plaintiff had derivative citizenship, it faxed a notice to BOP requesting that the deportation

detainer be canceled.  See Costello Decl., ¶ 4.  The materials in Plaintiff's alien file do not

indicate that ICE knew about the derivative citizenship status in 1991, or that a probation officer

contacted ICE (then INS) about the issue in 1991.  See Gonsalves Decl. ¶ 6.

The evidence also rebuts Plaintiff's assertion that BOP deliberately disregarded

information in its possession concerning Plaintiff's citizenship status.  BOP does not have a copy

of the February 2006 fax from ICE requesting that the deportation detainer be canceled, and after

searching the file, BOP has found no indication that it previously maintained a copy of that fax

in its records.  See Supplemental Declaration of Barry Davis, ¶ 4 (Exh. 1 to Dkt. Entry 20).  BOP

received a notice from ICE on or about September 20, 2007, which directed BOP to cancel the

detainer and indicated that Plaintiff was a United States citizen.  See Davis Decl., ¶ 4 (Exh. 2 to

---

[1] The statute that created derivative citizenship status, 28 U.S.C. § 1432, has since been
repealed.  See Ashton v. Gonzales, 431 F.3d 95, 97 (2d Cir. 2005).  However, derivative
citizenship is evaluated by reference to the law in effect at the time the person seeking that status
"fulfilled the last requirement for derivative citizenship."  Id.

Dkt. Entry 15).  Thereafter, BOP canceled the detainer, and there are no active detainers on file

against Plaintiff.  See id.

　　　　In sum, neither ICE nor BOP acted with willful disregard of Plaintiff's citizenship status.

Instead, both Defendants promptly and voluntarily amended their records once they received the

information necessary to evaluate Plaintiff's claim of derivative citizenship.  Plaintiff therefore is

not entitled to summary judgment.  See Elliot v. Federal Bureau of Prisons, __ F. Supp. 2d ___,

2007 WL 3341885, at *4-*5 (D.D.C. Nov. 13, 2007) (granting summary judgment to defendant

and concluding evidence did not support finding that BOP intentionally or willfully maintained

inaccurate records where evidence did not indicate that BOP was aware of the alleged

inaccuracies).

## II.　　PLAINTIFF SUFFERED NO ADVERSE DETERMINATION BECAUSE OF THE ALLEGED INACCURACIES IN THE RECORDS.

　　　　Plaintiff also has not shown that he has suffered an adverse determination as a result of

the alleged inaccuracies.  See Dkt. Entry 15 at 12-13.  To prevail on a Privacy Act claim for

damages, Plaintiff must establish that such a determination was made, that the alleged

inaccuracies were the proximate cause of that determination, and that it negatively "affects [his]

rights, benefits, entitlements, or opportunities" in prison.  Deters, 85 F.3d at 660; see also

Toolasprashad, 286 F.3d at 582.  Plaintiff's complaint offers conclusory allegations that the

deportation detainer at issue in this case resulted in the BOP denying him transfer to a lower

security institution, consideration for halfway house placement, and the opportunity to work in

Prison Industries.  See Compl. at 5.  However, he has produced no evidence to support those

assertions.  Given the lack of evidence concerning allegedly adverse determinations, Plaintiff's

damages claim must fail.  See Myer v. Federal Bureau of Prisons, 940 F. Supp. 9, 14 (D.D.C.

1996) (concluding Privacy Act damages claim lacked merit because plaintiff offered no evidence

to support his allegations regarding the alleged lost benefits and privileges).

<h3 style="text-align:center"><u>CONCLUSION</u></h3>

For the foregoing reasons, Plaintiff's motion for summary judgment should be DENIED.

Respectfully submitted, this 28th day of December 2007.

> _____/s/_____
> JEFFREY A. TAYLOR, D.C. BAR # 498610
> United States Attorney
>
> _____/s/_____
> RUDOLPH CONTRERAS, D.C. BAR #434122
> Assistant United States Attorney
>
>
> _____/s/ Robin M. Meriweather_____
> ROBIN M. MERIWEATHER, D.C. BAR # 490114
> Assistant United States Attorney
> 555 Fourth St., N.W.
> Washington, D.C.  20530
> Phone: (202) 514-7198   Fax: (202) 514-8780
> Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                          )
                                           )
          Plaintiff,                       )
                                           )          Case No. 1:07-cv-00959-CKK
          v.                               )
                                           )
BUREAU OF PRISONS, et al.                  )
                                           )
          Defendants.                      )
_____           )

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Plaintiff's motion for summary judgment contains factual allegations in seven numbered

paragraphs which begin on page 13 of the motion and continue through page 15. See Dkt. Entry

17. It is unclear whether those allegations constitute a statement of material facts as

contemplated in Local Civil Rule 56.1. To the extent that this Court construes those allegations

as a statement of material facts, Defendants respond to those factual allegations as follows:

1.  Denied. Defendant ICE further states that there is no indication in Plaintiff's
    alien file that the Immigration and Naturalization Service (INS) knew that
    Plaintiff was a citizen in 1991, or that any probation officer contacted INS in
    1991 regarding Plaintiff's citizenship status. See Gonsalves Decl. ¶ 6.
    Defendants further state that this is not a material factual dispute because Plaintiff
    filed his complaint after the statute of limitations expired, and Defendants have
    exempted the relevant systems of records from the Privacy Act's accuracy,
    amendment, and civil remedies provisions.

2.  Defendant ICE denies that the Department of Homeland Security knew that the
    Plaintiff was a citizen in 1991. See Gonsalves Decl. ¶ 6. Defendants lack
    knowledge sufficient to form a belief as to the truth of Plaintiff's allegation that
    no other government agency could verify Plaintiff's citizenship in 1991.
    Defendants further state that this is not a material factual dispute because Plaintiff
    filed his complaint after the statute of limitations expired, and Defendants have
    exempted the relevant systems of records from the Privacy Act's accuracy,
    amendment, and civil remedies provisions.

3.  Defendant ICE admits that a deportation detainer was placed on Plaintiff.
    Defendants lack knowledge sufficient to form a belief as to the truth of Plaintiff's
    allegation that his family hired an attorney and that his family suffered hardship

and financial strain.  Defendants deny the remaining allegations of Paragraph 3.
Defendants further state that this is not a material factual dispute because Plaintiff
filed his complaint after the statute of limitations expired, and Defendants have
exempted the relevant systems of records from the Privacy Act's accuracy,
amendment, and civil remedies provisions.

4.     Defendant ICE admits that it removed the detainer February 8, 2006.

5.     Defendant BOP admits that it lifted the detainer on or about September 20, 2007.
Defendant BOP denies the remaining allegations of Paragraph 5.  Defendants
further state that this is not a material factual dispute because Plaintiff filed his
complaint after the statute of limitations expired, and Defendants have exempted
the relevant systems of records from the Privacy Act's accuracy, amendment, and
civil remedies provisions.

6.     Denied.  Defendants further state that this is not a material factual dispute because
Plaintiff filed his complaint after the statute of limitations expired, and
Defendants have exempted the relevant systems of records from the Privacy Act's
accuracy, amendment, and civil remedies provisions.

7.     Denied.  Defendants further state that this is not a material factual dispute because
Plaintiff filed his complaint after the statute of limitations expired, and
Defendants have exempted the relevant systems of records from the Privacy Act's
accuracy, amendment, and civil remedies provisions.

Dated: December 28, 2007           Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. BAR # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


2

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2007, I caused the foregoing

Opposition to be filed via the Court's Electronic Case Filing system, and to be served upon <u>pro</u>

<u>se</u> plaintiff by first-class mail, postage prepaid, addressed as follows:

**STANLEY FRANCISCO EDWAR BAPTISTE**
R44102-066
Rivers Correctional Institution
P. O. Box 630
Winton, NC 27986


                                         /s/   *Robin M. Meriweather*
                                        ROBIN M. MERIWEATHER, D.C. Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,               )
                                        )
      Plaintiff,              )
                                        )     Case No. 1:07-cv-00959-CKK
        v.                 )
                                        )
BUREAU OF PRISONS, et al.     )
                                        )
      Defendants.           )

DECLARATION OF STANISLAUS GONSALVES

I, Stanislaus Gonsalves hereby declare as follows:

1. I am employed by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), as an attorney

2. I am employed with the Office of the Principal Legal Advisor for ICE. I have been employed in this capacity since February 1, 2001.

3. The determination of whether an individual is a derivative citizen is not an easy one to make. Under 8 U.S.C. 1432(a) a child born abroad to alien parents becomes a citizen of the United States, upon satisfaction of a residency requirement, if both parents were naturalized as United States citizens while the child was under the age of 18. Section 1432(a) provided however for various exceptions to the requirement that both parents be naturalized, including the situation in which the parents were legally separated and the parent having legal custody was naturalized.

4. In this case, the Plaintiff, derived his citizenship from his mother. Section 321 of the Immigration and Nationality Act of 1952 contains a one parent provision. Application of this provision requires that we establish that before the Plaintiff turned 18, the parent naturalizes; the child had been a lawful permanent resident; the parents are legally separated; and the naturalizing parent had custody.

5. Joshua Costello, the deportation officer, who made the determination that the Plaintiff derived citizenship from his parent had to review the Plaintiff's alien file to determine if the above conditions were met before he could make a ruling on Plaintiff's claim of derivative citizenship.

6. Based on my review of the Plaintiff's alien file, there is no indication in the file that the Immigration and Naturalization Service (INS) knew that the Plaintiff was a citizen in

1

1991.  There is no indication in the alien file that any probation officer contacted INS in 1991 regarding the Plaintiff's citizenship status.

7.  Plaintiff is still required to file for a certificate of citizenship with the USCIS (form N-600) in order to obtain proof of his U.S. citizenship.  It is Citizenship and Immigration Services (CIS) and not ICE that would adjudicate the citizenship application.

8.  In this case, the Plaintiff retained the legal services of ACCESS USA LAWYER to present his claim to DHS that the detainer should be lifted.  An attorney named Sharon Brown wrote a letter on November 10, 2005 asking that the detainer be lifted and providing the necessary documents to support the claim.

9.  The claim of U.S. citizenship was eventually reviewed by Officer Costello who made the decision to remove the detainer.

10. The Plaintiff has not filed an N-600 with CIS.


   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed this 27th day of December 2007.

_____
STANISLAUS GONSALVES

2

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2007, I caused the foregoing Reply to

be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by

first-class mail, postage prepaid, addressed as follows:

**STANLEY FRANCISCO EDWAR BAPTISTE** R44102-066 Rivers Correctional Institution P.
O. Box 630 Winton, NC 27986

_____/s/    Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114