UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stanley Francisco Edward Baptiste, :
:
       Plaintiff, :
  v. : Civil Action No. 07-0959 (CKK)
:
Bureau of Prisons, *et al.*, :
:
       Defendants. :

MEMORANDUM OPINION

In this action brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff, a federal prisoner, sues the Bureau of Prisons ("BOP") and the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") for allegedly maintaining inaccurate records pertaining to his citizenship. Specifically, plaintiff, a United States citizen, claims that an ICE document showing his nationality as St. Lucia, Compl. Ex. D, has adversely affected his custody and resulted in his classification as a deportable alien. Compl. at 5. He seeks injunctive and declaratory relief and monetary damages. Defendants move to dismiss or for summary judgment on the grounds of mootness, statute of limitations and failure to state a claim upon which relief may be granted.[1] Upon consideration of the parties' submissions and the entire record, the Court grants in part and denies in part defendants' motion for summary judgment.[2]

---

   [1] In opposing defendants' motion, plaintiff also moves for summary judgment. *See* Dkt No. 19. Because plaintiff has not complied with Local Civil Rule 7(h) by providing "a statement of material facts as to which [he] contends there is no genuine issue," the Court will deny his motion for summary judgment.

   [2] Because the Court is considering matters beyond the pleadings, it applies the standards for summary judgment. *See* Fed. R. Civ. P. 12(d); Order of October 25, 2007 (advising plaintiff of his obligations when responding to a summary judgment motion). Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

*1. The Complaint is Not Time-Barred*

The Privacy Act authorizes a lawsuit

> to enforce any liability created under this section . . . [if it is] brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5). Defendants claim that by his own admissions in a letter to ICE dated March 15, 2007, plaintiff's claim against ICE accrued in 2000 and against BOP in 2002; thus, his complaint filed in May 2007 is well beyond the two-year statute of limitations. Def.'s Mem. of P.&A. at 9 (citing Compl. Ex. I). The letter shows at best that plaintiff was diligent in pursuing administrative remedies.[3] His cause of action for injunctive relief would not have accrued, however, until he exhausted his administrative remedies by obtaining a final agency action. *Dickson v. OPM*, 828 F.2d 32, 40 (D.C. Cir. 1987) (exhaustion is prerequisite to filing suit under the Privacy Act); *see Harris v. F.A.A.*, 353 F.3d 1006, 1010 (D.C. Cir. 2004) ("[R]ight of action first accrues on the date of the final agency action.").

Defendants have not proffered any evidence of a final agency action, but, as discussed next, ICE did not render any action until February 2006. Thus, plaintiff's filing of this action on May 23, 2007 is deemed timely. Defendants' motion for summary judgment based on the statute of limitations therefore is denied.[4]

---

[3] *See also* Pl.'s Opp., Ex. L (retained counsel's Letter of November 10, 2005 to Homeland Security formally requesting the lifting of the detainer based on plaintiff's U.S. Citizenship).

[4] Contrary to defendants' assertion, Def.'s Mot. at 8-9, the Privacy Act's statute of
(continued...)

2. *The Claims for Injunctive and Declaratory Relief Are Moot*

Defendants assert that plaintiff's claims for injunctive and declaratory relief are moot because the challenged record was corrected to reflect plaintiff's United States citizenship in February 2006, which was nearly 15 months prior to plaintiff's initiation of this civil action. *See* Def.'s Mot., Ex. 1 (Declaration of Joshua Costello ¶ 4). On February 8, 2006, Mr. Costello faxed a copy of the ICE's notice of action cancelling the deportation detainer to BOP's correctional facility in Fort Dix, New Jersey.[5] *Id*. Although it appears to have taken more than a year for BOP to cancel the detainer, *see* Def.'s Ex. 2 (Declaration of Barry Davis ¶ 4), "Mr. Baptise currently has no active detainers on file with the BOP [and he] is currently identified in BOP records as a United States citizen." *Id*. The claims for injunctive and declaratory relief therefore are moot.

3. *Genuine Issues Exist on the Claim for Monetary Damages*

Subsections (g)(1)(C)(D) and (g)(4) of the Privacy Act authorize the awarding of monetary damages. To prevail on such a claim, plaintiff must establish that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination, and (3) the

---

[4](...continued)
limitations is not considered jurisdictional. *Harris,* 353 F.3d at 1013, n.7 ("[W]e recently expressed doubt about the jurisdictional nature of an analogous statute of limitations.") (citing *Chung v. United States Dep't of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003)) (as "rejecting jurisdictional nature of Privacy Act statute of limitations in light of *Irwin*"); s*ee Norman v. U.S.*, 467 F.3d 773, 775 (D.C. Cir. 2006) ("In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 93-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court held that federal statutes of limitations are not jurisdictional.")

[5] Although defendants place the Fort Dix facility in Texas, Def.'s Facts Statement ¶ 4; Mem. of P&A at 5, 12, the Court takes judicial notice of the fact taken from BOP's website that the only Fort Dix facility is located in New Jersey, which is consistent with the "609" area code listed on the fax report attached to the Costello Declaration.

agency's acts or omissions were willful or intentional. *Deters v. U.S. Parole Commission*, 85 F.3d 655, 657 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 312 (D.C. Cir. 1992); accord *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination"). It is undisputed that the challenged record was inaccurate, thereby satisfying the first requirement of the damages claim. The parties' submissions raise more questions than answers with respect to the second and third requirements, however.

Plaintiff alleges that he was denied "the right to be transferred to a 'camp,' disallowed [consideration] for a 'halfway house' [and] prevented . . . from working [for] 'Prison Industries.'" Compl. at 5. He has not stated when such decisions were made and has not presented any evidence showing the basis for such decisions. On the other hand, it is not clear from BOP's declarations when BOP corrected its records. If, as the evidence suggests, BOP's records continued to show plaintiff as a citizen of St. Lucia and deportable between February 8, 2006–when ICE faxed its correction to the Fort Dix facility--and September 20, 2007–when ICE's notice of action was received by BOP's contracting facility in Winton, North Carolina, plaintiff may be able to establish directly or by inference the necessary link between any adverse decisions BOP rendered between those dates and the erroneous record. In addition, plaintiff may be able to establish the requisite level of intent if, for example, the delay in correcting the records was inexcusable. *See* 5 U.S.C. § 552a(e)(5) (requiring agencies to maintain records used in making "determination[s] about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."); *Deters*, 85 F.3d at 660 ("An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly

4

disregarding others' rights under the Act.") (Citations and internal quotation marks omitted.) Given the unsettled issues, the Court denies BOP's motion for summary judgment on the damages claim without prejudice to reconsideration after additional briefing by the parties.

For the foregoing reasons, defendants' motion for summary judgment is granted in part and denied in part. A separate Order accompanies this Memorandum Opinion.

_____s/s_____  
COLLEEN KOLLAR-KOTELLY  
United States District Judge

DATE: May 16, 2008