UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY BAPTISTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00959-CKK |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RENEWED MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Defendants, by and through the United States Attorney for the District of Columbia,

hereby submit this Renewed Motion to Dismiss or, in the alternative, for Summary Judgment.

A memorandum of law and statement of material facts are attached hereto.

Respectfully submitted, this 7th day of August 2008.

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY BAPTISTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-00959-CKK |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION
TO DISMISS AND FOR SUMMARY JUDGMENT**

**INTRODUCTION AND SUMMARY**

This is a Privacy Act case, filed pursuant to 5 U.S.C. § 552a(g)(1), in which Plaintiff

Stanley Baptiste claims that Defendants Bureau of Prisons ("BOP") and United States

Immigration and Customs Enforcement ("ICE") maintained inaccurate records pertaining to his

citizenship.   Plaintiff's request for injunctive and declaratory relief were dismissed as moot,

because Defendants have amended their records to indicate that Plaintiff is a United States

citizen.  See Memorandum Opinion ("Mem. Op."), Dkt. Entry 23 at 3.  The sole remaining claim

is Plaintiff's request for monetary damages.

Plaintiff's damages claim should be dismissed for failure to state a claim.  The BOP and

ICE records at issue are exempt from the portions of the Privacy Act that require agencies to

amend inaccurate records.  BOP maintains deportation detainers in its Inmate Central Records

System, and ICE maintains deportation information in its A-files.  Both the ICRS and A-files are

law enforcement records which are exempt from the Privacy Act's amendment and accuracy

provisions.  Accordingly, Plaintiff cannot obtain monetary damages based upon Defendants'

alleged maintenance of inaccurate records in those systems.

Even if the records were not exempt, Plaintiff would not be entitled to monetary relief because he cannot show that the actions of the BOP or ICE were intentional or willful. Plaintiff's birth certificate indicates that he was born in St. Lucia. Plaintiff did not apply for or obtain a certificate of United States citizenship prior to being sentenced and confined to BOP facilities. Plaintiff became a United States citizen through derivative citizenship, pursuant to a statute which has since been repealed. BOP and ICE modified their records and lifted the deportation detainer once they became aware of Plaintiff's derivative citizenship status. Those facts make it clear that Defendants did not intentionally or willfully maintain inaccurate information regarding Plaintiff's citizenship status (and his deportability). Moreover, Plaintiff has yet to substantiate his assertion that he suffered adverse determinations as a result of being classified as a non-citizen subject to a deportation detainer. For all those reasons, Defendants respectfully request that the damages claim be dismissed or, in the alternative, that summary judgment be entered in Defendants' favor.

## **STANDARD OF REVIEW**

### A.    **Motion to Dismiss**

Defendants move for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires dismissal if a plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating prior standard which required the moving party to show that plaintiff can prove no set of facts in support of its claim which would entitle it to relief). This Court must accept all well-pleaded facts as true. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985).

2

The Court also must resolve all factual doubts in favor of the plaintiff, and allow the plaintiff the benefit of all inferences.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).  "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

**B.    Motion for Summary Judgment**

Defendants move in the alternative for summary judgment.  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325.  Id.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Federal Rule of Civil Procedure 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions

set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e);

Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986).

## STATEMENT OF THE CASE

### A.    Statutory Framework

Under the Privacy Act, each agency that maintains a system of records is required to

"maintain all records which are used by the agency in making any determination about any

individual with such accuracy, relevance, timeliness, and completeness as is reasonably

necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  Upon

receipt of an individual's request to amend a record pertaining to him, an agency must amend the

record if it is determined to be incorrect, or inform the individual of its reason for not amending

the record. Id. § 552a(d)(2).  An individual may file a civil action against an agency when the

agency refuses to amend its records or fails to maintain them accurately and the individual

suffers an adverse determination as a result thereof. Id. § 552a(g)(1)(C).  An individual that

brings an action under § 552a(g)(1)(C) may recover monetary damages if the court determines

that the agency's conduct was intentional or willful. Id. § 552a(g)(4).

### B.    Factual and Procedural Background

Plaintiff, Stanley Baptiste, Register No. 44102-066, is a Bureau of Prisons' inmate

previously confined at Rivers Correctional Institution ("RCI")[1] in Winton, North Carolina, and

subsequently housed at a residential re-entry facility in Florida.  Plaintiff served a 240-month

federal sentence he received in the United States District Court for the Eastern District of

---

[1]  RCI is a private facility contracted by the BOP to house BOP inmates.

4

Pennsylvania.  See Compl., Exh. I, at 2.  Plaintiff was released from confinement on August 6, 2008.

On or about September 14, 1993, Immigration and Naturalization Service ("INS", now ICE) staff submitted for filing with the BOP a federal immigration detainer (File No. A35 467 846) against Plaintiff.  See Compl., Exhibit D.  The BOP received the detainer on September 23, 1993.  See id.  The detainer listed, among other information, Plaintiff's nationality as St. Lucia. Id.  According to Plaintiff, BOP records subsequently classified Plaintiff as a deportable alien and reflected that he was not a U.S. citizen. See Compl.

On November 10, 2005, an attorney from Access USA Lawyer sent a letter to ICE, on plaintiff's behalf, which raised the issues pertaining to Plaintiff's citizenship and the detainer. See Exh. 1, Declaration of Stanislaus Gonsalves, ¶ 8.  ICE subsequently reviewed the claim of citizenship, and determined that Plaintiff had obtained derivative status through his mother.  See id. ¶ 9; Exh. 2, Declaration of Joshua Costello, ¶ 4.  ICE prepared a notice of cancellation which canceled the detainer that INS previously had placed on Plaintiff.  See Costello Decl., ¶ 4.

On February 8, 2006, ICE faxed a notice of cancellation of the detainer to the Fort Dix, Texas facility at which Plaintiff was being held.  See id.; Exh. 6 (Notice of Cancellation).  BOP has throughly searched its records, and has found no indication that BOP ever received that facsimile.  Nor is there any indication that BOP ever had that February 2006 notice of cancellation within its files.  See Exh. 3, Second Declaration of Barry Davis, ¶ 4; Exh. 4, Declaration of John White, ¶ 5.

On or about March 15, 2007, Plaintiff mailed a letter to ICE officials requesting removal of the detainer, contending that he was a United States citizen.  See Compl., Exh. I.  However, by

that time, ICE already had cancelled the detainer previously issued against Plaintiff.  See Costello Decl., ¶ 4.  On or about March 28, 2007, Plaintiff allegedly sent a written request to RCI staff to have his detainer removed.  See id.

On or about September 20, 2007, RCI staff received a Notice of Action from ICE directing the BOP to cancel the above detainer.  See Exh. 5, Declaration of Barry Davis, ¶ 4. The Notice of Action listed the United States as Plaintiff's nationality.  See id.  When BOP received this notice of action from ICE on September 20, 2007, it was processed the same day and Plaintiff's records were updated accordingly.  See White Decl., ¶ 6.  BOP had no notification, prior to September 20, 2007, that the Plaintiff was a United States citizen or that the 1993 INS retainer should be removed.  See id.  BOP records now correctly identify Plaintiff as being a United States citizen.

Plaintiff filed the instant action on May 23, 2007.  He alleges that Defendants have refused to correct their records to reflect his citizenship status, that he is classified as a deportable alien, and that BOP has adversely used the inaccurate information to deny him transfer to a lower security institution, consideration for halfway house placement, and the opportunity to work in Prison Industries.  On October 15, 2007, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  Defendants raised mootness and statute of limitations arguments, and argued that the records were exempt from the Privacy Act's amendment and accuracy provisions. See Dkt. Entry 15 at 1.  Plaintiff opposed Defendants' motion, and filed his own motion for summary judgment.  See Dkt. Entry 17.

This Court issued its Memorandum Opinion on May 16, 2008.  The Court granted in part and denied in part Defendants' Motion for Summary Judgment, and denied Plaintiff's summary

6

judgment motion.  The Court rejected Defendants' statute of limitation arguments, finding that

Plaintiff's action was timely.  See Mem. Op. at 2.  The Court found that the Plaintiff's claims for

injunctive and declaratory relief were moot, but requested additional evidence regarding the

monetary damages claim.  Id. at 3- 4.

## ARGUMENT

I.    **THE RECORDS AT ISSUE IN THIS CASE ARE EXEMPT FROM THE
      PRIVACY ACT'S ACCURACY, AMENDMENT, AND DAMAGES PROVISIONS.**

Information about Plaintiff's citizenship status and any immigration detainer on file for

him is stored in BOP's Inmate Central Records System ("ICRS") and the alien file ("A-file")

maintained by ICE.   BOP's regulations expressly state that the ICRS is exempt from the

accuracy and amendment provisions of the Privacy Act.  See 28 C.F.R. § 16.97(a)(4), (b)(3), (j)

(exempting ICRS from certain Privacy Act requirements); Martinez v. BOP, 444 F.3d 620, 624

(D.C. Cir. 2006) (noting same); White v. United States Probation Office, 148 F.3d 1124, 1125

(D.C. Cir. 1998) ("Under [the pertinent] regulations . . . BOP inmate records systems are exempt

from the amendment provisions of the [Privacy] Act."); Ingram v. Gonzales, 501 F. Supp. 2d

180, 185 (D.D.C. 2007) (noting same).  Likewise, Department of Homeland Security ("DHS")

regulations expressly exempt the A-file from those portions of the Privacy Act.  See 28 C.F.R. §

16.99(a)(1) (exempting alien file from portions of the Privacy Act and FOIA); see generally

United States v. Sokolov, 814 F.2d 864, 875 (2d Cir. 1987) (noting that A-file is exempt from

Privacy Act disclosure).  Those exemptions bar Plaintiff's Privacy Act claims.[2]

---

[2] The argument advanced in parts A and B of this brief, that the records at issue are
exempt from privacy Act provisions and that Plaintiff is not entitled to damages were set forth in
Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment filed on October
15, 2007 and Defendants' Reply in Support of Defendant' Motion to Dismiss or, in the

Section 552a(j) permits the head of an agency to exempt records it maintains from the accuracy and amendment provisions of the Privacy Act if: (1) the "agency or component thereof . . . performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities;" and (2) the records consist of, inter alia,

> information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status. . . [or] reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j). The same conditions govern agencies' ability to exempt records from section (g)(1) of the Privacy Act, which provides a civil remedy for a failure to maintain accurate and complete records. See id. Defendants' exemption of the ICRS and A-file meet the requirements of Section 552a(j).

As noted, BOP — which is a correctional agency — exempted its central system of records from the Privacy Act's accuracy, amendment, and civil remedy requirements. See Ingram, 501 F. Supp. 2d at 185. It explained that compliance with those Privacy Act provisions "would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public." 28 C.F.R. § 16.97(k). A deportation detainer identifies the terms on which an inmate may be released. Thus, like other data in ICRS, it is within the scope of Section 552(a)(j).

---

Alternative, for Summary Judgment filed December 20, 2007. The Court requested additional evidence regarding the damages claim, but did not address the Defendants' exemption argument. See Mem. Op. at 3-5 (Dkt. Entry 23).

8

ICE is a DHS sub-agency whose primary mission concerns law enforcement.  See, e.g., Charles v. Samuels, 2007 WL 1674595, at *1 n. 3 (explaining that ICE "has assumed the [former] INS's law enforcement functions"); Balderrama v. United States Dep't of Homeland Security, 2006 WL 889778, at * 10 (D.D.C. Mar. 30, 2006) ("ICE is the largest investigative arm of [DHS]").  DHS has exempted the A-file from the accuracy, amendment, and civil remedy provisions.  See 28 C.F.R. § 16.99(a).  The regulations reflect DHS's concern that the "restrictions of [Privacy Act] subsection (e)(5) would restrict the ability of trained investigators and intelligence analysts to exercise their judgment in reporting on investigations and impede the development of criminal intelligence necessary for effective law enforcement."  Id. § 16.99(b)(8).

In sum, both agencies have exempted the relevant records systems from subsections (e)(5) and (g) of the Privacy Act.  "This exemption effectively deprives plaintiff of any remedy, including damages, for [Defendants'] alleged failure to maintain [their] records with the requisite level of accuracy."  Simpson v. Federal Bureau of Prisons, 2007 WL 666517, at *2 (D.D.C. Mar. 2, 2007); see also Martinez Risely v. Hawk, 108 F. 3d 1396, 1397 (D.C. Cir. 1997) ("Bureau of Prisons regulations exempt the agency from the Privacy Act provision requiring inaccurate files to be amended.") (citing Sellars v. Bureau of Prisons, 959 F.2d 307, 309 (D.C. Cir. 1992)); Meyer v. Bureau of Prisons, 940 F. Supp. 9, 13-14 (D.D.C. 1996).  Plaintiff's damages claim must therefore be dismissed.

II.    **ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE AWARDED TO DEFENDANTS BECAUSE PLAINTIFF HAS NOT ESTABLISHED THAT DEFENDANTS TOOK INTENTIONAL AND WILLFUL ACTS WHICH CAUSED HIM TO SUFFER AN ADVERSE DETERMINATION.**

The Court need not reach the merits of Plaintiff's damages claims because the records are exempt from the Privacy Act.  However, Plaintiff would not be entitled to monetary relief even if the records were not exempt.  To obtain money damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 582 (D.C. Cir. 2002) (citing 5 U.S.C. § 552a(g)(1)(c)); see also Boyd v. Chertoff, 540 F. Supp. 2d 210, 217 (D.D.C. 2008). Defendants' records were inaccurate, which satisfies the first requirement of the damages claim. Memo. Op. at 4 (Dkt. Entry 23).   However, Plaintiff still bears the burden of showing Defendants' actions in maintaining such inaccurate records were intentional or willful, and were the proximate cause of an adverse determination.  See Doyon v. U.S. Dept. Of Justice, 304 F.Supp.2d 32, 34 (D.D.C. 2004); Boyd, 540 F. Supp. 2d at 217.

**1.    Defendants Did Not Intentionally or Willfully Maintain Inaccurate Records.**

The D.C. Circuit has defined willful or intentional as a violation "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." Deters v. United States Parole Commission, 85 F.3d 655, 660 (D.C. Cir. 1996).  An agency acts willfully or intentionally "either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act."  Id. (quoting Albright v. United States of America, 732 F. 2d 181, 188 (D.C. Cir. 1984)).  Here, Plaintiff has provided no evidence that

10

Defendants willfully and intentionally maintained inaccurate records regarding his derivative status.  Instead, Defendants had a good faith basis to believe that Plaintiff was a deportable alien, and Defendants promptly amended their records once they became aware of Plaintiff's derivative citizenship status.

Derivative citizenship is not self-evident, but depends on a variety of facts including the date on which Plaintiff's mother was naturalized, Plaintiff's age at that time, when his parents were legally separated, and whether his mother had custody of him when she became naturalized.[3]  See Lewis v. Gonzales, 481 F.3d 125, 129-32 (2d Cir. 2007); Gonsalves Decl., ¶¶ 3, 5.  Under the statute in effect when Plaintiff obtained derivative citizenship status, a child born abroad to alien parents becomes a citizen of the United States, upon satisfaction of a residency requirement, if both parents are naturalized as United States citizens before the child reaches the age of 18.  See Gonsalves Decl., ¶ 3.  Plaintiff did not qualify for derivative citizenship through that route.  However, the statute also contained a "one-parent rule," which allowed a minor child to obtain derivative citizenship status if one parent was naturalized as a citizen, the parents were legally separated, and the naturalized parent has custody of the child.   See id. ¶ 4.  The one-parent rule allowed Plaintiff to derive citizenship through his mother.  See id. To obtain proof of citizenship, Plaintiff must file a form N-600 application with United States Citizenship and Immigration Services.  See id. ¶ 7.

---

[3]The statute that created derivative citizenship status, 28 U.S.C. § 1432, has since been repealed.  See Ashton v. Gonzales, 431 F.3d 95, 97 (2d Cir. 2005).  However, derivative citizenship is evaluated by reference to the law in effect at the time the person seeking that status "fulfilled the last requirement for derivative citizenship."   Id.

INS reasonably classified Plaintiff as a deportable alien when it issued the immigration detainer in 1993. Plaintiff was born in Saint Lucia, and had not submitted an N-600 for proof of citizenship. See Compl. Exh. C. Although Plaintiff has submitted a presentence report which lists his citizenship as "U.S.," see Compl. Exh. E, ICE has reviewed its files and found no indication that plaintiff or any probation officer contacted INS in 1991 to inform the agency of Plaintiff's citizenship status. See Gonsalves Decl. ¶ 6. Accordingly, when the detainer was issued, INS did not know that Plaintiff was eligible for derivative citizenship by virtue of his parents' divorce and his mother's naturalization. Instead, it was reasonable for INS to conclude that Plaintiff's nationality was St. Lucian. See Compl. Exh. D (immigration detainer identifying nationality as "St. Lucia").

Upon receiving information from Plaintiff concerning those citizenship issues, in early 2006 — well before this lawsuit was filed — ICE investigated Plaintiff's citizenship status. ICE concluded that Plaintiff was a U.S. citizen who had derived his citizenship from his mother. See Costello Declaration, ¶ 4. ICE then canceled the detainer, and faxed a notice of that cancellation to the Fort Dix, Texas facility at which Plaintiff was then incarcerated. See id.

BOP also acted quickly once it became aware that Plaintiff was a citizen against whom a detainer should not be maintained. The RCI facility does not have a copy of the February 2006 notice of action facsimile from ICE in its files. BOP reviewed its files, and has found no indication that BOP received ICE's facsimile in February 2006, or at any time prior to the initiation of this lawsuit. See Second Davis Decl., ¶ 4; White Decl. ¶ 5. Indeed, the transmission page on the facsimile shows that one page was sent, but does not appear to include the portion of the detainer that was signed by an ICE official. See Exhibit 6 (Notice of Cancellation).

12

The RCI facility first received a notice of cancellation of detainer from ICE on September 20, 2007.  See White Decl. ¶ 6.  Upon receipt of that notice, BOP promptly amended its records to indicate that Plaintiff was a United States citizen.  See Davis Declaration, ¶ 4.  The notice of action was processed the same day, and Plaintiff's records were likewise amended to cancel the 1993 detainer.  See White Decl. ¶ 6.

In sum, both BOP and ICE promptly corrected Plaintiff's records once they learned of his correct citizenship status.  Neither agency ignored evidence of Plaintiff's citizenship status, or maintained a detainer despite being aware that he was a citizen.  ICE investigated the issue after receiving the November 10, 2005 letter from Plaintiff's attorney regarding the derivative citizenship claim, concluded its review within three months, and then canceled the detainer.  See Gonsalves Decl., ¶¶ 8-9; Costello Decl., ¶ 4.  BOP had no notice of Plaintiff's derivative citizenship before September 20, 2007, but promptly removed the detainer upon receiving the September 20, 2007 cancellation notice from ICE.  Thus it is clear that neither agency acted intentionally or willfully by not removing the detainer and altering Plaintiff's citizenship status.  Rather, both agencies corrected the error as soon as it was brought to their attention.  Accordingly, there is no basis for concluding that either agency acted with flagrant disregard for Plaintiff's rights.  See Elliott v. Bureau of Prisons, 521 F. Supp. 2d 41, 48 (D.D.C. 2007) (awarding summary judgment to BOP on damages claim where record evidence did not show that BOP was aware of the inaccuracy at the time it made the decision being challenged).

### 2.    Plaintiff Suffered no Adverse Determination

Nor has Plaintiff shown that he has suffered an adverse determination as a result of being classified as a deportable alien.  The D.C. Circuit has recognized that in the prison context,

"adverse determination" denotes, at least, a decision that negatively "affects [an] inmate's rights, benefits, entitlements, or opportunities." Deters, 85 F.3d at 659. There also must be a causal connection between the adverse determination and the agency's maintenance of inaccurate records. See Krieger v. United States Dep't of Justice, __ F. Supp. 2d __, 2008 WL 2473688, at *2 (D.D.C. June 16, 2008). Here, Plaintiff has failed to show that his rights, benefits, or entitlements, were negatively affected by Defendants' willful or intentional maintenance of inaccurate records.

Plaintiff alleges that the inaccurate records at issue in this case resulted in the BOP denying him transfer to a lower security institution, consideration for halfway house placement, and the opportunity to work in Prison Industries. However, as the Court noted, "he has not stated when such decisions were made and has not submitted any evidence showing the basis of those decisions." Baptiste, 554 F. Supp. 2d at 4. Those unsupported allegations are insufficient to show that he would have received such purported benefits or opportunities in the absence of Defendants' maintenance of the immigration detainer. See Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D.D.C. 1996) (holding mere allegations that records at issue resulted in Plaintiff being denied lesser sentence, credits, or camp placement insufficient to show adverse determination).

In the May 16, 2008 Memorandum Opinion, the Court requested that Plaintiff submit supplemental evidence to substantiate his allegation that the detainer resulted in adverse determinations. See Baptiste, 554 F. Supp. 2d at 4. But Plaintiff has not submitted the evidence. Plaintiff's failure to submit evidence of any adverse determination, causally connected to the immigration detainer, is fatal to his damages claim.

14

## **CONCLUSION**

For the foregoing reasons, this action must be dismissed or, in the alternative, summary

judgment on behalf of Defendants should be granted.

Respectfully submitted, this 7th day of August 2008.

<div style="margin-left: 40%">

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/   Robin M. Meriweather
_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2008, I caused the foregoing Motion to be filed via the Court's Electronic Case Filing system, and to be served upon pro se plaintiff by first-class mail, postage prepaid, addressed as follows:

**STANLEY FRANCISCO EDWARD BAPTISTE**

3671 NW 26th Street
Lauderdale Lakes, FL 33311-2629

_____/s/   Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,          )
                                 )
        Plaintiff,         )
                                 )    Case No. 1:07-cv-00959-CKK
        v.              )
                                 )
BUREAU OF PRISONS, et al.   )
                                 )
        Defendants.    )

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendants hereby submit the following statement of material facts as to which there is no genuine dispute. The facts established below are sufficient to support the award of summary judgment to Defendants.

1. Plaintiff, Stanley Baptiste, Register No. 44102-066, is a former Bureau of Prisons' inmate, who was confined at a facility in Fort Dix, Texas, and at Rivers Correctional Institution in Winton, North Carolina. <u>See</u> Compl.; Declaration of Barry Davis, ¶¶ 1, 3 (Exh. 5).

2. Plaintiff was born in St. Lucia, and at the time of his birth, he was not a United States citizen. <u>See</u> Compl., Exh. C (birth certificate).

3. United States Immigration and Customs Enforcement ("ICE") maintains information regarding Plaintiff's immigration detainer and citizenship status in his alien file (A-file). <u>See</u> Gonsalves Decl., ¶ 6.

1

4.    On September 23, 1993, the Bureau of Prisons ("BOP") received a federal immigration detainer against Plaintiff, listing Plaintiff's nationality as St. Lucia.  See Compl., Exh. D (detainer).

5.    BOP maintains that immigration detainer information in its Inmate Central Records System.  See Second Declaration of Barry Davis, ¶ 2 (Exh. 3).

6.    On November 10, 2005, an attorney from Access USA Lawyer sent a letter to Immigrations and Customs Enforcement ("ICE") , on Plaintiff's behalf, which raised the issues pertaining to Plaintiff's alleged derivative citizenship status.  See Compl., Exh. I.

7.    After receiving the November 2005 letter, ICE investigated Plaintiff's claim of derivative citizenship.  See Declaration of Joshua Costello, ¶ 4 (Exh. 2).

8.    Plaintiff was eligible for derivative citizenship because, prior to Plaintiff's 18th birthday, his mother became a naturalized citizen, was legally divorced from his father, and obtained sole custody of Plaintiff after the divorce.  See Declaration of Stanislaus Gonsalves, ¶ 4 (Exh. 1).

9.    On or about February 8, 2006, ICE concluded that Plaintiff was eligible for derivative citizenship.  See Costello Decl., ¶ 4.  The ICE official that completed that review then prepared a notice of action canceling the detainer.  See id. On February 8, 2006, ICE faxed that notice of cancellation of the detainer against Plaintiff to the Fort Dix, Texas facility at which Plaintiff was then being held.  See Costello Decl., ¶ 4.

10.   BOP has no record of receiving the February 8, 2006 facsimile from ICE.  See Declaration of John White, ¶ 5 (Exh. 4).

11.    Prior to September 20, 2007, BOP was unaware that Plaintiff was a United States citizen. <u>See</u> White Decl., ¶ 6.

12.    On or about September 20, 2007, the Rivers Correctional Institution staff received a Notice of Action from ICE directing the BOP to cancel the detainer against Plaintiff. <u>See</u> Davis Decl., ¶ 4. The Notice of Action listed the United States as Plaintiff's nationality. <u>See</u> <u>id.</u>

13.    On September 20, 2007, the Rivers Correctional Institution staff canceled the detainer and amended its records to reflect that Plaintiff was a United States citizen. <u>See</u> White Decl., ¶ 6.

14.    BOP's records currently identify Plaintiff as being a United States citizen. <u>See</u> Davis Decl., ¶ 4. BOP has no active detainers on file for Plaintiff. <u>See</u> <u>id.</u>

Respectfully submitted, this 7th day of August 2008,

<div style="text-align:right">

_____/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/ Robin M. Meriweather_____

ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                      )
                                       )
        Plaintiff,                     )
                                       )          Case No. 1:07-cv-00959-CKK
        v.                             )
                                       )
BUREAU OF PRISONS, et al.              )
                                       )
        Defendants.                    )

DECLARATION OF STANISLAUS GONSALVES

I, Stanislaus Gonsalves hereby declare as follows:

1. I am employed by the United States Department of Homeland Security, Immigration and
   Customs Enforcement (ICE), as an attorney

2. I am employed with the Office of the Principal Legal Advisor for ICE. I have been
   employed in this capacity since February 1, 2001.

3. The determination of whether an individual is a derivative citizen is not an easy one to
   make. Under 8 U.S.C. 1432(a) a child born abroad to alien parents becomes a citizen of
   the United States, upon satisfaction of a residency requirement, if both parents were
   naturalized as United States citizens while the child was under the age of 18. Section
   1432(a) provided however for various exceptions to the requirement that both parents be
   naturalized, including the situation in which the parents were legally separated and the
   parent having legal custody was naturalized.

4. In this case, the Plaintiff, derived his citizenship from his mother. Section 321 of the
   Immigration and Nationality Act of 1952 contains a one parent provision. Application of
   this provision requires that we establish that before the Plaintiff turned 18, the parent
   naturalizes; the child had been a lawful permanent resident; the parents are legally
   separated; and the naturalizing parent had custody.

5. Joshua Costello, the deportation officer, who made the determination that the Plaintiff
   derived citizenship from his parent had to review the Plaintiff's alien file to determine if
   the above conditions were met before he could make a ruling on Plaintiff's claim of
   derivative citizenship.

6. Based on my review of the Plaintiff's alien file, there is no indication in the file that the
   Immigration and Naturalization Service (INS) knew that the Plaintiff was a citizen in

1

1991.  There is no indication in the alien file that any probation officer contacted INS in 1991 regarding the Plaintiff's citizenship status.

7.  Plaintiff is still required to file for a certificate of citizenship with the USCIS (form N-600) in order to obtain proof of his U.S. citizenship.  It is Citizenship and Immigration Services (CIS) and not ICE that would adjudicate the citizenship application.

8.  In this case, the Plaintiff retained the legal services of ACCESS USA LAWYER to present his claim to DHS that the detainer should be lifted.  An attorney named Sharon Brown wrote a letter on November 10, 2005 asking that the detainer be lifted and providing the necessary documents to support the claim.

9.  The claim of U.S. citizenship was eventually reviewed by Officer Costello who made the decision to remove the detainer.

10. The Plaintiff has not filed an N-600 with CIS.


  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed this 27th day of December 2007.


_____
STANISLAUS GONSALVES


2

10/15/2007 13:26 FAX 630 894 0843
10/15/2007 13:44 FAX 8564249473        USINS CNJ
10/15/2007 12:23 FAX 630 894 0843

Case 1:07-cv-00959-CKK    Document 30-3    Filed 08/07/2008    Page 1 of 2    ☑002/005
☑001
☑002/005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                )
                                 )
        Plaintiff,               )
                                 )        Case No. 1:07-cv-00959-CKK
              v.                 )
                                 )
                                 )
                                 )
BUREAU OF PRISONS, et al.

DEPARTMENT OF HOMELAND
SECURITY – IMMIGRATION AND
CUSTOMS ENFORCEMENT              )
                                 )
        Defendants.              )

## DECLARATION OF JOSHUA COSTELLO

I, Joshua Costello, hereby declare as follows:

1. I am employed by the United States Department of Homeland Security, Immigration and Customs Enforcement

(ICE), as a Deportation Officer.    I have been employed in this capacity since April 2007.  In

February 2006 I was employed as an Immigration Agent with Office of Investigation, ICE.   My

office is located at 4002 Lincoln Drive West, Marlton, NJ 08053.

2. As part of my official duties, as an Immigration Agent I conducted criminal

investigations, investigated administrative violations of the Immigration and Nationality Act

(INA), placed individuals in deportation proceedings, determined alienage and deportability of

individuals and conducted verification of individuals claiming to be United States citizens.

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the

instant litigation, claiming in part, that BOP records incorrectly identify him as being a deportable

10/15/2007 13:26 FAX 630 884 0843
10/15/2007 13:44 FAX 8564249473   USINS CNJ
10/15/2007 12:23 FAX 630 684 0843

Case 1:07-cv-00959-CKK   Document 30-3   Filed 08/07/2008   Page 2 of 2   003/005
002
003/005

alien and indicate that he is not a United States citizen.

4. On or about February 8, 2006 I reviewed the claimed citizenship status of Stanley
Baptiste. Based on my review of Baptiste's A-file, I determined that Stanley Baptiste is a U.S.
citizen and that he derived his citizenship through his mother. Accordingly, I prepared an
Immigration Detainer – Notice of Action canceling the detainer previously placed by the Service
on Stanley Baptiste. I faxed a copy of the cancellation of the detainer to Fort Dix Correctional
Facility on February 8, 2006.

5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the
foregoing information is true and correct to the best of my knowledge.

Executed this 15th day of October 2007.

Joshua Costello
Deportation Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                          )
                                           )
        Plaintiff,                         )
                                           )        Case No. 1:07-cv-00959-CKK
        v.                                 )
                                           )
BUREAU OF PRISONS, et al.                  )
                                           )
        Defendants.                        )

## SECOND DECLARATION OF BARRY DAVIS

I, Barry Davis, hereby declare as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons

(BOP), as a Contract Oversight Monitor. I have been employed in this capacity since February

2001. My office is located at Rivers Correctional Institution (RCI) in Winton, North Carolina.

RCI is a privately-owned low security correctional facility under contract with the BOP to

confine and house BOP inmates.

2. As part of my official duties, I oversee the aforementioned contract on behalf of the

BOP and ensure contract compliance. I am familiar with RCI's policies, procedures, and

practices, and I have access to records of BOP inmates confined at RCI. As part of the contract,

RCI is required to maintain an Inmate Central Record System (ICRS), which is a system under

which inmate records are maintained. I am familiar with the ICRS. Amongst the types of

records maintained in the ICRS are records pertaining to inmate detainers. I have access to

ICRS records of BOP inmates confined at RCI,

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the

instant litigation, claiming in part, that the BOP has within its records a document from February

2006 entitled "Immigration Detainer - Notice of Action" addressed from the Department of

Homeland Security to the BOP's Fort Dix FCI facility. Page two of the document instructs the BOP to cancel the then-existing immigration detainer filed against inmate Baptiste.

    4. I have searched Mr. Baptiste's ICRS records, which are maintained at RCI, in an effort to determine whether the BOP maintains a copy of the "Immigration Detainer - Notice of Action" document referenced in paragraph 3 above. My search revealed that this document is not maintained in inmate Baptiste's ICRS records, and I found no indication that this document was previously maintained by the BOP.

    5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

    Executed this _17th_ day of December, 2007.

Barry Davis
Contract Oversight Monitor
Federal Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                          )
                                           )
        Plaintiff,                         )
                                           )        Case No. 1:07-cv-00959-CKK
        v.                                 )
                                           )
BUREAU OF PRISONS, et al.,                 )
                                           )
        Defendants.                        )

### DECLARATION OF JOHN WHITE

I, John White, hereby declare as follows:

1. I am employed by GEO Group Inc. as the Inmate Records Manager at Rivers Correctional Institution ("RCI") in Winton, North Carolina. I have been employed in this capacity since January 8, 2001. RCI is a privately-owned correctional facility under contract with the Federal Bureau of Prisons ("BOP") to confine BOP inmates.

2. As part of my official duties, I am responsible for maintaining and updating BOP records of inmates confined at RCI. Such records, including records pertaining to inmate detainers, are maintained in a system of records called the Inmate Central Record System ("ICRS"). ICRS records are maintained at the same facility as the inmate to whom such records pertain. I also have access to records maintained on the BOP's SENTRY computer database. SENTRY provides detailed information on BOP inmates, including information pertaining to whether any law enforcement detainers have been filed with the BOP against an inmate and information as to an inmate's country of citizenship.

3. BOP legal staff have informed me that inmate Stanley Baptiste, Register No. 44102-066 has claimed that the BOP is maintaining within its records a February 2006 document pertaining to him, entitled "Immigration Detainer - Notice of Action" addressed from the

Department of Homeland Security to the "U.S. BOP Fort Dix FCI." Such document reportedly instructs the BOP to cancel a 1993 detainer that the Immigration and Naturalization Service ("INS) had filed with the BOP against inmate Baptiste.

4. Inmate Baptiste was confined at the BOP's Fort Dix facility from May 24, 2001 until February 27, 2007 and at RCI from February 27, 2007 until February 11, 2008. Inmate Baptiste is currently confined at a residential reentry center (i.e. "halfway house") in Florida serving the remainder of his federal sentence.

5. Inmate Baptiste's ICRS records are currently maintained at RCI. At the request of BOP legal staff, I have searched the SENTRY database and all known ICRS records pertaining to inmate Baptiste, which are maintained at RCI, in an effort to determine whether such records contain a copy of the February 2006 "Immigration Detainer - Notice of Action" document referenced in paragraph 3 above. My search revealed no such document and no indication that such document has ever been maintained by the BOP. Specifically, my search did not indicate that BOP received a Notice of Action in February 2006 regarding inmate Baptiste's immigration detainer.

6. On September 20, 2007, RCI received a Notice of Action from the Bureau of Immigration and Customs Enforcement ("ICE") directing the BOP to cancel the 1993 INS detainer filed against inmate Baptiste. The Notice of Action indicated that Mr. Baptiste's nationality is the United States. I received and processed the Notice of Action on September 20, 2007, at which time I updated inmate Baptiste's records to reflect that the 1993 INS detainer was canceled and that inmate Baptiste was a United States citizen. Prior to September 20, 2007, the 1993 INS detainer was in the BOP records. As noted above, BOP records do not indicate that BOP received a Notice of Action from ICE prior to September 20, 2007.

7. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed this 20th day of June, 2008.

John White
Inmate Records Manager
Rivers Correctional Institution

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY BAPTISTE,                          )
                                           )
        Plaintiff,                         )
                                           )        Case No. 1:07-cv-00959-CKK
                v.                         )
                                           )
BUREAU OF PRISONS, et al.                  )
                                           )
        Defendants.                        )

## DECLARATION OF BARRY DAVIS

I, Barry Davis, hereby declare as follows:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as a Contract Oversight Monitor. I have been employed in this capacity since February 2001. My office is located at Rivers Correctional Institution (RCI) in Winton, North Carolina. RCI is a privately-owned low security correctional facility under contract with the BOP to confine and house BOP inmates.

2. As part of my official duties, I oversee the aforementioned contract on behalf of the BOP and ensure contract compliance. I have access to records of persons confined at RCI, including records maintained on the BOP SENTRY computer database. SENTRY provides detailed information on BOP inmates, including whether an inmate has a detainer on file with the BOP and an inmate's country of citizenship.

3. I understand that BOP inmate Stanley Baptiste, Register No. 44102-066, has filed the instant litigation, claiming in part, that BOP records incorrectly identify him as being a deportable alien and indicate that he is not a United States citizen.

4. I searched SENTRY and other BOP records pertaining to Mr. Baptiste in an effort to resolve the above issues. I also contacted records personnel at RCI with regard to these issues. BOP records reveal that in 1993, the Immigration and Naturalization Service (INS) filed a detainer with the BOP against Mr. Baptiste. On or about September 20, 2007, RCI received a Notice of Action from the Bureau of Immigration and Customs Enforcement (formerly INS) directing the BOP to cancel the above detainer. The Notice of Action also indicated Mr. Baptiste's nationality is the United States. Pursuant to the Notice of Action, the aforementioned detainer has been canceled in BOP records, and Mr. Baptiste currently has no active detainers on file with the BOP. Moreover, Mr. Baptiste is currently identified in BOP records as a United States citizen.

5. Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed this 27th day of September, 2007.

Barry Davis
Contract Oversight Monitor
Federal Bureau of Prisons

U.S. Department of Justice
Immigration and Naturalization Service

**Immigr__ __ Detainer - Notice of Action**

| File No. 35 467 846 |
|---|
| Date: |

| TO: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| U.S. BOP<br>FORT DIX FCI | United States Department of Homeland Security<br>Bureau of Immigration and Customs Enforcement<br>Office of Investigations<br>RAC Cherry Hill |

Name of alien: STANLEY BAPTISTE   BOP # 44102-066

Date of birth: _____   Nationality: UNITED STATUS   Sex: M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
 (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on_____
                                                                                        (Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling _____ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.  ☐ A self-addressed stamped envelope is enclosed for your convenience.  ☐ Please return a signed copy via facsimile to _____
                                                                                        (Area code and facsimile number)

Return fax to the attention of _____, at _____
                               (Name of INS officer handling case)      (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death or transfer to another institution.

☒ Please cancel the detainer previously placed by this Service on _____

_____                                         Enforcement Agent
(Signature of INS official)                              (Title of INS official)

Receipt acknowledged:

Date of latest conviction: _____   Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97) N

```
******************
***   TX REPORT   ***
******************


TRANSMISSION OK

TX/RX NO              3034
CONNECTION TEL                    16097247533
CONNECTION ID        FCI FORT DIX ISM
ST. TIME             02/08 15:44
USAGE T              00'22
PGS. SENT            1
RESULT               OK
```

U.S. Department of Justice
Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

8/6/2008

File No. 35 467 846

Date:

| TO: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| U.S. BOP | United States Department of Homeland Security |
| FORT DIX FCI | Bureau of Immigration and Customs Enforcement |
| | Office of Investigations |
| | RAC Cherry Hill |

Name of alien: STANLEY BAPTISTE    BOP # 44102-066

Date of birth: ▮▮▮▮▮▮    Nationality: UNITED STATES    Sex: M

## You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on
_____
     (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
                                                                        (Date)

☐ Deportation or removal from the United States has been ordered.

## It is requested that you:

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling
_____ during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.  ☐ A self-addressed stamped envelope is enclosed for your convenience.  ☐ Please return a signed copy via facsimile to _____
                                                                                         (Area code and facsimile number)

Return fax to the attention of _____ , at _____
                                    (Name of INS officer handling case)          (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.