UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stanley Francisco Edwar Baptiste,     :
                                      :
         Plaintiff,                   :
    v.                                :     Civil Action No. 07-0959 (CKK)
                                      :
Bureau of Prisons, *et al.*,          :
                                      :
         Defendants.                  :

ORDER

This matter is before the Court on defendants' renewed motion to dismiss and for summary judgment. Plaintiff, proceeding *pro se*, is advised of the following.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice... should include an explanation that the failure to respond...may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules require a party opposing a motion to serve and file a memorandum of points and authorities "[w]ithin 11 days of the date of service or at such other time as the court may direct . . . [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

Plaintiff is further advised that on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.

1982)). The court in *Neal* specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.* Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Mr. Baptiste, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is this 2nd day of September 2008,

**ORDERED** that plaintiff shall respond to defendants' renewed motion to dismiss and for summary judgment no later than **October 7, 2008**. If plaintiff does not respond within the time provided, the Court will treat the motion as conceded and may dismiss the case.

 

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge