UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Stanley Francisco Edward Baptiste, :
          :
     Plaintiff, :
   v.      :    Civil Action No. 07-0959 (CKK)
          :
Bureau of Prisons, *et al.*,  :
          :
     Defendants. :

MEMORANDUM OPINION

In this action brought under the Privacy Act, 5 U.S.C. § 552a, the Court found that a genuine issue was presented on plaintiff's claim for monetary damages and ordered additional briefing of the issue by both parties. *See* Memorandum Opinion ("Mem. Op.") of May 16, 2008 [Dkt. No. 23] at 3-5 and accompanying Order [Dkt. No. 22] (granting judgment to defendants on claims for injunctive and declaratory relief). Pending before the Court are defendants' renewed motion to dismiss and for summary judgment [Dkt. No. 30] and plaintiff's Affidavit [Dkt. No. 33]. Upon consideration of the parties' supplemental submissions, the Court will grant the renewed motion for summary judgment and enter judgment for the defendants.[1]

---

[1] Because resolution of the pending motion is based on the factual merits of plaintiff's damages claim, the Court will not address defendants' more complicated legal argument that the complaint should be dismissed because the records at issue are contained in filing systems that are exempt from "portions" of the Privacy Act. Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss and for Summary Judgment at 7-9. *See, e.g., Thurston v. U.S. Bureau of Prisons*, 2005 WL 3987714 *2 (D.D.C. Aug. 4, 2005) (Roberts, J.) ("BOP does not appear [] to have wholly exempted its records from the requirements of subsection(e)(5)") (citing 28 C.F.R. § 16.97(k)). In fairness, the *pro se* plaintiff has not had the opportunity to counter this argument and it is unlikely that he could fashion a cogent argument without the assistance of counsel.

As stated in the previous ruling, a Privacy Act claim for damages is established by showing that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination and (3) the agency's acts or omissions were willful or intentional.  Mem. Op. at 3-4.  In order for the Court to decide whether plaintiff could prove the second element, *i.e.*, whether defendants' maintenance of an inaccurate record pertaining to plaintiff's citizenship caused an adverse determination, *see id*. at 4, plaintiff was directed to provide detailed information about "each alleged adverse determination."  Order.  Plaintiff's supplemental affidavit provides no more details than previously considered.  The Court therefore finds plaintiff's evidence of a Privacy Act violation wanting on the causation requirement.

On the other hand, defendants have supplied evidence from which it may be reasonably found that neither the Bureau of Prisons ("BOP") nor Immigration and Customs Enforcement ("ICE") acted in the egregious manner required to sustain the third element of intent.  Plaintiff has not refuted defendants' evidence that he is a "derivative citizen," having derived his citizenship from his mother, Def.'s Mot., Declaration of Sanislaus Gonsalves ¶¶ 3-4, that he did not file the requisite form (N-600) with Citizenship and Immigration Services to obtain proof of his U.S. citizenship, *id*. ¶¶ 7, 10, and that neither the probation office nor the plaintiff informed the then-INS about plaintiff's U.S. citizenship when he was sentenced in 1991.  *Id*. ¶ 6; *see* Affidavit Attachment (showing sentencing date of July 30, 1991).  Nor is it disputed that upon receiving the request of November 10, 2005 from plaintiff's attorney to lift the detainer, ICE investigated plaintiff's citizenship claim on February 8, 2006, determined that he indeed has derivative citizenship, prepared "an Immigration Detainer-Notice of Action canceling the detainer" and, on that same day, faxed the notice to BOP's Fort Dix facility, where plaintiff was

2

incarcerated.  Def.'s Mot., Declaration of Joshua Costello ¶ 4.  Given that plaintiff was born in

St. Lucia, West Indies, *see* Compl. Ex. I. at 3, and evidence that ICE was not aware of plaintiff's

U.S. citizenship until 2005, the Court determines that no reasonable fact finder could find that

ICE acted unlawfully by lodging the detainer with BOP in 1993.[2]

Although ICE claims to have faxed its cancellation notice in February 2006 to Fort Dix

where plaintiff had been incarcerated since May 2001, *see* Declaration of John White ("White

Decl.") ¶ 4, plaintiff's BOP records contain "no such document and no indication that such

document has ever been maintained by the BOP."  White Decl. ¶ 5.  Rather, in September 2007,

the Rivers Correctional Institution, to where plaintiff was transferred in February 2007, White

Decl. ¶ 4, "received a Notice of Action *from [ICE]*" to cancel the detainer based on confirmation

of plaintiff's U.S. citizenship.  *Id*. ¶ 6 (emphasis added).  Mr. White "received and processed the

Notice of Action on September 20, 2007, . . . [and] updated [plaintiff's] records to reflect that the

1993 INS detainer was canceled and that [plaintiff] was a United States citizen."  *Id*.

The foregoing evidence suggests at worse ordinary negligence on the part of ICE in

failing to confirm BOP's receipt of the notice allegedly faxed to the Fort Dix facility on February

8, 2006.  Negligence, however, is not enough to sustain a Privacy Act damages claim.  *See*

*Deters v. U.S. Parole Commission*, 85 F.3d 655, 660 (D.C. Cir. 1996) ("An agency acts in an

intentional or willful manner either by committing the act without grounds for believing it to be

lawful, or by flagrantly disregarding others' rights under the Act.") (citations and internal

---

[2]   Plaintiff states that "it is his knowledge and belief that U.S. Probation Officer Maureen
E. Akers obtained the information to verify that affiant was a U.S. citizen from the Department of
Homeland Security 'ICE' in 1991," Affidavit ¶ 5, but he has not substantiated his "belief" with
any evidence and, thus, has failed to create a triable issue on when ICE knew or should have
known about his U.S. citizenship.

quotation marks omitted); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (explaining

intentional or willful standard as "something greater than gross negligence"); *Laningham v. U.S.*

*Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) ("As interpreted by this court, this language does not

'make the Government strictly liable for every affirmative or negligent action that might be said

technically to violate the Privacy Act's provisions.'"  (quoting *Albright v. United States*, 732 F2d

181, 189 (D.C. Cir. 1984)).  Besides, there is no evidence to support a finding that the component

maintaining the inaccurate record, BOP, failed to act in a timely manner after receiving the

cancellation notice and that BOP relied on the inaccurate record in making decisions affecting

plaintiff's custody.  Plaintiff's damages claim therefore fails on the second element of causation

and the third element of agency intent.

     For the foregoing reasons, the Court, finding no triable issues remaining and no violations

of the Privacy Act, concludes that defendants are entitled to judgment as a matter of law.  A

separate final order accompanies this Memorandum Opinion.

                           _____s/s_____

                           COLLEEN KOLLAR-KOTELLY

DATE: November 18, 2008          United States District Judge